[Civ. No. 3450. First Appellate District, Division Two.—September 29, 1920.]

ESTHER WOLFF, Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

[Civ. No. 3451. First Appellate District, Division Two.—September 29, 1920.]

PHILLIP EICHHOLZ, Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

[Civ. No. 3452. First Appellate District, Division Two.—September 29, 1920.]

SOPHIA A. KEYM, Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

[1] STREET IMPROVEMENT—NONABUTTING OWNER—RIGHT TO COMPENSATION.—The grading of one block of a city street located a considerable distance from plaintiff's property and beyond another cross-street, which in no way interfered with the easy and convenient access to plaintiff's property by other streets, does not show that damage contemplated by section 14 of article I of the constitution, although the use of the street as a thoroughfare near plaintiff's property was not as extensive as before such grading.

APPEALS from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ford & Hammon and Henry G. Bodkin for Appellant.

Charles S. Burnell, City Attorney, and Robert L. Hanley, Deputy City Attorney, for Respondent.

BRITTAIN, J.—The plaintiffs in these three cases appeal from several judgments rendered against them upon

---

1. Damages or injuries under eminent domain proceedings for which compensation must be made, notes, 31 Am. Dec. 373; 88 Am. Dec. 113; 4 Am. St. Rep. 399; 9 Am. St. Rep. 144; 19 Am. St. Rep. 459; 22 Am. St. Rep. 50; 85 Am. St. Rep. 291.

nonsuits granted on motion of the respondent municipality. The cases were consolidated for the purpose of the respective appeals, it being stipulated that the judgment in the Wolff case should control the determination of the other two appeals. The plaintiffs as owners of their respective lots of land sued for damages for injuries claimed to have been suffered by them by reason of the depreciation of the values of their lands caused, as they alleged, by the opening of North Broadway tunnel and the grading of the approaches thereto and of adjacent streets in the city of Los Angeles. Except in regard to the exact location of the respective properties, their values and the amount of depreciation, if any was caused by the opening of the tunnel, the facts of the three cases are the same and are unquestioned.

The work in question was done under ordinances adopted pursuant to a general act of the legislature permitting such work to be done by municipalities under the assessment plan. No question is presented concerning the power of the municipality to order the work to be done, nor of the regularity of the procedure, nor is there any regarding the preliminary steps taken by the plaintiffs to perfect their right to sue. The sole question·is whether upon the evidence before the court at the time the motion for nonsuit was made the respective plaintiffs were entitled to damages, or whether the cases were within the old rule that damages are never recoverable' without a showing of legal injury. The old rule of *damnum absque injuria* is the foundation of the code provisions that "every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages" (Civ. Code, sec. 3281), and that "detriment is a loss or harm suffered in person or property." (Civ. Code, sec. 3282.) In these cases it is claimed there was a loss or harm suffered in the property of the appellants, but unless this detriment was the result of an unlawful act or omission, there is no right to damages. As has been stated there is no question concerning the lawfulness of the work done by the municipality. None of the property of the respective plaintiffs abutted on any of the work done, and, therefore, there was no physical taking of or change in the

49 Cal. App.—26

respective properties. It is fundamental that private property cannot be taken for public use without compensation made, and in this state since the adoption of the present constitution in 1879, compensation must also be made to the owner if his property is injured for the public benefit. The claims of the plaintiffs rest, therefore, solely upon the contention that their properties have been injured for the public benefit without compensation having been made.

In reliance upon decisions of the highest courts of other states and isolated texts of able writers upon the subjects of highways and municipal corporations, the parties before the court argue for and against the adoption of a rule which in such cases as these would arbitrarily deny the right to damages to owners of property not directly abutting on or touched by the part of the highway graded or closed. This court is unwilling to give approval to such a rule, which in its opinion would denude the constitutional provision of much of the benefit and security intended to be guaranteed to the property owner on its adoption. That the rule contended for on the part of the municipality is too narrow this court has no doubt. On the other hand, the court is not of the opinion that every depreciation in value of property by reason of a public improvement in the neighborhood can be made the basis of an award of damages. For instance, the owner of a store or apartment house on a much-traveled street might lose the greater part of his trade, or the rental or sale value of his property might be cut in half, by the public grading and improving another and parallel street one or two blocks away, which, by giving more direct access to distant parts of the city, or by causing the adjoining property to be improved with newer and more attractive buildings, would cause the public to use the newly improved thoroughfare and largely to abandon the old, yet that indirect result of the lawful improvement would not give rise to damages. For any one of a multitude of reasons, or for no reason at all, traffic may swing from one street to another at any time, and when one buys property he buys with knowledge of such fortuitous changes.

The constitutional provision in question (art. I, sec. 14) is that "Private property shall not be taken or *damaged* for public use without just compensation having first been

made," etc. It has been under consideration by the supreme court in a number of cases, but the exact question presented here has never been directly answered. In the first case where the right to compensation for damage to property arose after the adoption of the present constitution, the court, adopting the language of Mr. Justice Thornton, said: "To what kind of damage does this word 'damaged' refer? We think it refers to something more than a direct or immediate damage to private property, such as its invasion or spoilation. There is no reason why this word should be construed in any other than its ordinary and popular sense. It embraces more than the taking. If it did not refer to more than the damage above mentioned, the word 'damaged' in the clause relied on would be superfluous. (Page 501.) . . . The provision includes damage to private property, including land and whatever is attached to it. (Pages 505, 506.) . . . We do not intend to say, nor do we think, it extends to such damage as the owner of the property injured sustains in common with other abutters on the street, or the general public, but only to that special injury which he receives over and above such common injury." (*Reardon* v. *San Francisco,* 66 Cal. 492, [56 Am. Rep. 109, 6 Pac. 317].)

In the Reardon case there was physical injury to the plaintiff's land. Recovery for that injury might have been had as for a tort, upon a proper showing, regardless of the constitutional provision. The language of the decision was broad enough to reach a case where there was no physical injury. Suppose, for instance, one owned property on a street having an outlet in one direction only, and the municipality should grade the only cross-street to a level so far above or so far below that of the street on which the property was located as to make access to the property practically impossible. If such a condition existed, the damage would be within the protection of the constitution and the right of the owner to recover would in no way depend on the proximity of the injured lot to the actual work done, nor would the fact that the particular lot was not physically injured have any proper weight in the consideration of the case. There is nothing at variance with these views in the case of *Eachus* v. *Los Angeles etc. Ry.,* 103 Cal. 617, [42 Am. St. Rep. 149, 37 Pac. 751],

where it is said: "The constitution does not, however, authorize a remedy for every diminution in the value of property that is caused by a . public improvement.  The damage for which compensation is to be made is a damage to the property itself and does not include a mere infringement of the owner's personal pleasure or enjoyment.  Merely rendering private property less desirable for certain purposes, or even causing personal annoyance or discomfort in its use, will not constitute the damage contemplated by the constitution; but the property itself must suffer some diminution in substance, or be rendered intrinsically less valuable by reason of the public use."  In the case supposed of a lot on a *cul-de-sac* entirely cut off from access, . while there would be no physical detriment to the lot itself, there would be a substantial diminution of its availability for any purpose, and it would be rendered intrinsically less valuable by reason of the public use.  In such an instance, the rule of the Reardon case would apply.  In numerous later cases the salutary rules of the Reardon and Eachus cases have been applied, and there is no great difficulty in applying them to these appeals, without laying down the rule contended for by the respondent municipality.

[1]  Stated most strongly for the appellants, at the time of the motion for nonsuit, the evidence showed that the lands of the respective appellants were situated at or near a street parallel with North Broadway.  Another parallel street intervened between the two.  The lands were near or abutted on a transverse street, known as California Street, parallel to which, one block away, ran Temple Street.  The first block of California Street between North Broadway and the lands of the appellants was necessarily graded, and the incline. was increased, so that it was not so convenient for use as it had been.  The grade on Temple Street was not changed, and the lands in question were readily accessible by way of that street.  There was less traffic along California Street than formerly, but it did not appear that this was caused entirely by the grading of California Street.  Rentals were depreciated, but the witnesses for the respective plaintiffs differed greatly both in regard to the degree of depreciation and the fractional part thereof which might have been caused by the grading, since it was admitted that rentals and sale values of all

the land in the vicinity had been falling for a considerable time and extent by reason of local conditions in no way connected with the public improvement. The motion for nonsuit was general, and upon the ground that the plaintiffs had failed to prove any damage for which they were entitled to recover. The cases are clearly within the rule announced in *Eachus* v. *Los Angeles etc. Ry., supra.*

The judgment is affirmed in each of the three appeals.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 24, 1920, and the following opinion then rendered thereon:

THE COURT.—Without committing ourselves to all that is said in the district court of appeal opinion, we think the opinion clearly shows that in this case there was no such damage shown as to warrant a recovery. The utmost that the evidence tends to show is that by reason of the grading of one block of California Street, located a considerable distance from plaintiff's property and beyond another cross-street, which in no way interfered with the easy and convenient access to plaintiff's property by other streets, the use of California Street as a thoroughfare near plaintiff's property was not as extensive as before such grading. Assuming this to have been proven, it did not show that damage contemplated by the constitutional provision. This is sufficiently shown by the opinion of the district court of appeal.

The application for a hearing in this court is denied.

All the Justices concurred.