[Civ. No. 8597.   First Appellate District, Division Two.—September 23, 1932.]

GERTRUDE J. JUCHERT et al., Respondents, v. TONY F. TENENT, Appellant.

J. E. McCurdy and F. E. Hoffman for Appellant.

Glensor, Clewe, Schofield & Van Dine for Respondents.

NOURSE, P. J.—The respondents moved for an affirmance of the judgment on the grounds that the appeal was taken for delay only and that the questions upon which the decision depends are so unsubstantial as not to need further argument.   (Sec. 3, Rule V, Supreme Court.)

The appellant's brief presents but two points—that the trial judge erred in refusing to give a proposed instruction, and that the verdict is excessive. ▮ The proposed instruction singled out the plaintiffs and directed the jury to

take into consideration that they were interested in the result of the suit. The jury was instructed that as to all witnesses their interest or lack of interest in the suit could be considered and the rule is uniform that, when this is done, it is error to pick out a particular witness and direct the jury's attention to his interest in the suit when the same test is applicable to other witnesses (14 R. C. L., pp. 734, 735). No authority to the contrary is cited by the appellant and hence the point raised is "unsubstantial".

On the issue of damages the appellant concedes that both the medical and lay testimony is conflicting as to the extent and probable permanency of the injuries suffered by Mrs. Juchert. The most that can be said for the point raised by appellant is that in some minds the damages awarded might appear to be unreasonably high; but there is nothing in the record to indicate that the verdict was the result of passion or prejudice, and because there is some evidence of future pain and suffering, it cannot be said that the award is grossly disproportionate to any compensation reasonably warranted. (*Davis* v. *Renton,* 113 Cal. App. 561, 563 [298 Pac. 834]; *Rohner* v. *Cross,* 121 Cal. App. 667 [9 Pac. (2d) 507].)

The motion to affirm is granted.

Sturtevant, J., and Spence, J., concurred.