[Civ. No. 4983. Third Appellate District.—April 10, 1934.]

CITY OF STOCKTON (a Municipal Corporation), Plaintiff and Appellant, v. LOUIS MARENGO et al., Defendants and Appellants.

J. LeRoy Johnson for Plaintiff and Appellant.

Harry A. Encell for Defendants and Appellants.

THOMPSON, J.—Both parties to this action in eminent domain have appealed from a judgment for damages which was entered pursuant to the verdict of a jury rendered incident to the condemnation of a strip of land beyond the limit of the City of Stockton, to be used as an extension of Washington Street therein.

The tract through which the proposed street is to be extended consists of several acres of land used by the defendants for the purpose of farming, except that the defendants' land has been platted and three lots have been sold therefrom with reference to the map which is on file. The northerly portion of this tract of land fronts on Borden public highway. The extreme northwesterly corner of this land, designated as lots 35 and 36 of the Marengo property is separated from the balance of the tract by a fence and is occupied by a gas station, which is leased to strangers to this suit. The proposed extension of Washington Street branches off on the southerly side of Borden highway, at a point about 600 feet southeasterly from the northwestern corner of the Marengo property, and extends westerly through that tract a distance of about 500 feet. The condemned strip of land is separated from the gas station property by an interval of 200 feet. The jury found that the value of the property condemned is the sum of $900, and that the damages to the portion which is not taken, occurring by virtue of the severance of the right of way therefrom, is $1600. Findings of court were adopted accordingly. A decree of condemnation was rendered in favor of the City of Stockton. The damages were assessed at the sum of $2,500 and costs of suit.

At the trial of the cause evidence was received in behalf of the defendants to the effect that the construction of the extension of Washington Street along the condemned strip of land would have the effect of diverting a large proportion of the traffic from Borden highway and thus greatly depreciate the value of the gas station property. Evidence was

adduced that this diverting traffic would damage the defendants' property which remains after the condemned strip of land had been severed therefrom, to the extent of $25,000. Subsequently, on motion of the plaintiff, this evidence was stricken from the record, and the jury were instructed to disregard it in estimating the damage to the property resulting from a severance of the condemned strip from the remaining portion thereof.

■ The defendants contend the court erred in striking out the evidence of the damage resulting to the remaining portion of the tract by virtue of the alleged diverting of traffic from the Borden highway and the consequent reduction of the value of the gas station property. In support of this contention they have cited numerous authorities in other jurisdictions, some of which appear to be directly in point. There is, however, a conflict of authorities in eminent domain proceedings in other jurisdictions regarding this element of damages.

Article I, section 14, of the Constitution declares that "Private property shall not be taken or damaged without just compensation having been first made" therefor. Section 1248, subdivision 2, of the Code of Civil Procedure provides for the consideration of the following elements in determining damages accruing as a result of severance:

"If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff," shall be ascertained and assessed.

In construing these rules applicable to severance damages in a proceeding in eminent domain, the defendants plausibly insist that the construction of the proposed extension of Washington Street through their property will leave the gas station more than 200 feet away from the street, which will result in diverting a considerable amount of patronage and traffic from Borden highway, upon which patronage the gas station depends for its income to the detriment of the property which is not taken in the condemnation proceedings. This exact question has been determined adversely to the contention of the defendants in the case of *People* v. *Gianni*, 130 Cal. App. 584 [20 Pac. (2d) 87, 89], in which

a hearing by the Supreme Court was denied. We are unable to distinguish that case from the facts of the present action. The Gianni case appears to be determinative of the California rule in eminent domain proceedings that damages to the remaining property by virtue of severance may not be estimated on the ground of loss of business resulting from the abandonment of a highway or the diverting of traffic therefrom. In the Gianni case the defendant owned a large tract of land upon which he operated a gas station adjacent to the public highway. The course of the highway was changed so as to leave the defendant's gas station a considerable distance therefrom. The new route, however, did require the condemnation of a small remote portion of the same tract of land some distance from the gas station. The value of the land taken in condemnation was fully compensated. There was no damage to the balance of the tract on account of severance of the new roadway, except the alleged damage resulting from the change of the route of the highway and the consequent diverting of traffic. The trial court held this last-mentioned element could not properly be considered in assessing damages on account of severance. The Appellate Court sustained the judgment, and the Supreme Court denied a hearing thereof. The court said in that case:

"The authorities seem in accord to the effect that an owner shall be compensated for all damages sustained. . . .

"The code section quoted specifically relates that the severance damages to be awarded are such as will accrue to the portion not condemned *by reason of its severance and by reason of the construction of the improvement, etc.* It is not a strained or forced construction to hold that the section implies at least some slight but direct connection between the claimed damage and either the severance or the construction of the improvement. . . .

"Whatever of apparent hardships there may be in particular cases where roads have been created for public use when the country was new, as in this state, and for the temporary convenience of a sparsely settled country, a greater hardship would be entailed upon the public if these roads could not now be vacated or changed to meet the present situation *without compensating those whose premises may abut thereon for the loss or inconvenience they may sustain,* as, if that were the rule none would consent to the change, and the

added burden would be an embargo upon the creation of new and desirable roads.''

The loss of business resulting from condemnation proceedings is not usually deemed to be a proper element of damages to be considered in eminent domain. (20 C. J., p. 779, sec. 234; *Oakland* v. *Pacific Coast Lumber etc. Co.*, 171 Cal. 392 [153 Pac. 705].)

With reference to the construction of the term ''damaged'' as it is used in the Constitution, the opinion in the Gianni case holds that the loss suffered by the owner of condemned property must be special and different in character from the general damage sustained by other owners on account of the mere fact that their property abuts upon a highway and which damage is therefore common to all. That case quotes with approval from *Wolff* v. *City of Los Angeles*, 49 Cal. App. 400 [193 Pac. 862], as follows:

''We do not intend to say, nor do we think it extends to such damage as the owner of the property injured sustains in common with other abutters on the street, or the general public, but only to that special injury which he receives over and above such common injury.''

It is argued that a business located upon land which is injuriously affected by condemnation proceedings because of the diverting of traffic therefrom, is a special loss and is peculiarly applicable to the owner of such property. But whether this be true or not, in view of the conclusive effect of the Gianni decision, we are impelled to hold that the evidence of damage to the remaining property of the defendants, accruing as a result of diminished trade on account of a diversion of traffic on a highway, is not competent to be considered, and that this evidence was therefore properly stricken from the record.

It is conceded by the defendants that except for this excluded element of alleged damages, they have been fully compensated for the taking of their property. The defendants assign no other ground for reversal. There is therefore no merit in their appeal.

Upon the plaintiff's separate appeal it is asserted the court erred in holding that the entire tract of defendants' land constitutes but one parcel, and upon the contrary that each lot designated on the map of their subdivided tract constitutes a separate parcel. The plaintiff also contends

that the item contained in the judgment of $1600 which was assessed as severance damages is not supported by the evidence.

■ Damages to the remaining part of a tract of land, which is not taken may be assessed on account of severance of the condemned portion thereof as provided in section 1248, subdivision 2, of the Code of Civil Procedure "if the property sought to be condemned constitutes *only a part of a larger parcel*". The problem as to what constitutes a single parcel of land in contemplation of the foregoing statute is essentially a question of law for the determination of the court. (*Oakland* v. *Pacific Coast Lumber etc. Co.*, 171 Cal. 392 [153 Pac. 705].)

In the present case, this question was determined by the court. A finding to that effect was adopted by the court in the following language: "The land sought to be taken by the plaintiff is only a part of a larger tract of land." The court instructed the jury as a matter of law that the defendants' entire tract of land, including lots 35 and 36, situated in the northwest corner thereof, constitutes a single parcel of land, upon which entire tract it should separately assess damages on account of the severance of the condemned strip of land, in determining which damages it might take into consideration *the loss of rental value* which would accrue by virtue of the severance. Accordingly, the jury did separately assess the damages to the entire tract of land owned by the defendants, including the gas station lots, as a result of the severance of the condemned strip, at $1,600. In our opinion, this constitutes reversible error. For about twelve years the defendants have owned the entire tract of land through which the right of way was condemned. In the hope of finding a market for city lots by means of a subdivision project, this tract was platted and a map thereof was filed. The defendants, however, continued to farm the tract as a whole. Only two lots were sold during that period of time. In assessing damages in this condemnation proceeding, these two lots were excluded. The balance of the entire tract, with the exception of the gas station lots has been continuously farmed as one parcel, without regard to the subdivision plan. The defendants lived upon the premises. The mere fact that the tract was mapped and platted for future prospective sales does not necessarily de-

termine its identity as separate parcels in contemplation of law. The use of the land for farming, regardless of the subdivision project, is an important factor in determining whether it constitutes one parcel. (2 Lewis on Eminent Domain, 2d ed., sec. 475, p. 1032; 20 C. J., sec. 190, p. 735.) In Lewis on Eminent Domain, *supra,* it is said:

"If two or more contiguous city or village lots are improved and used as one tract, and any part of any one is taken, the owner may recover the damage to all; so, where a tract is subdivided into lots and blocks, but continues to be used as before for agricultural purposes, the subdivision being a mere paper one."

In 20 C. J., section 190, it is said in that regard:

"The owner of contiguous lots or tracts of which one or a part of one is taken under the power of eminent domain is not ordinarily entitled to damages accruing from the improvement to the other lots or tracts owned by him. If, however, several contiguous lots or tracts in reality constitute an entire parcel used for one general purpose by the common owner, the inquiry should embrace all injuries which will be caused to the entire body of land. Thus, if several tracts are used together as one farm, in determining the compensation to be paid the owner for the location of a railroad across one or more of the tracts, the injury to the whole farm should be considered. . . .

"To constitute a unity of property between two or more contiguous but *prima facie* distinct parcels of land, there must be such a connection or relation of adaptation, convenience, and actual and permanent use as to make the enjoyment of the parcel taken reasonably and substantially necessary to the enjoyment of the parcels left, in the most advantageous and profitable manner in the business for which they are used. . . . The mere platting of a tract of land on a map into lots and blocks does not constitute such a division of it into separate lots that the owner's damage must be limited to the particular lot a portion of which, as shown on the map, is actually taken."

We are of the opinion the defendants' entire tract of land, with the exception of the inclosed gas station property, may be deemed to be a single parcel in contemplation of law for the purpose of estimating the severance damage

resulting from the condemnation of the strip of land to be used for highway purposes.

We are, however, of the opinion the court erred in considering lots 35 and 36, which were leased and operated as a gas station, as a part of the balance of defendants' property which was used solely for farming purposes. It was clearly erroneous to include this gas station property in the instruction which was given to the jury authorizing it to estimate severance damages to the entire tract, including the gas station property, by determining whether the rental value of the property was diminished by the condemnation of the strip of land to be used for the construction of the extension of Washington Street. The gas station property was separated from the balance of the tract by a fence. It was set apart from the tract to be used exclusively for the operation of another business. It had been actually used for several years for operating a gas station business. It was under an eight-year lease to a stranger to this litigation. The only evidence to which our attention is called of the rental value of the tract is confined to this gas station property. It therefore appears that the jury must have assessed the severance damages on the basis of the rental value of the gas station property. This was clearly improper and prejudicial, with respect to the severance damages.

The judgment is reversed, with directions to ascertain and assess the amount of severance damages to the entire tract owned by the defendants exclusive of the gas station property. The defendants are allowed their costs on appeal.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1934.