[Civ. No. 10353. First Appellate District, Division Two.—August 23, 1937.]

COUNTY OF SAN MATEO (a Political Subdivision), Respondent, v. MARGARET E. CHRISTEN et al., Defendants; ANNIE H. DARBEE et al., Appellants.

Keyes & Erskine, Vincent Hallinan, Emmett R. Burns and F. Bruce McMullen for Appellants.

Andriano & Lowery and Gilbert Farrell for Respondent.

DOOLING, J., *pro tem.*—Two appeals, one by defendant Annie H. Darbee, and the other by defendants Irene L. Baciocco and Edward Devincenzi, are presented on a single typewritten transcript, from judgments in an eminent domain proceeding to acquire a strip of land for a public highway. The trial was had before a jury and the judgments followed the verdicts. Since all the questions presented on the two appeals are not the same we shall consider the two appeals separately.

### The Darbee Appeal.

Appellant Darbee was the owner of 23 acres of land within the corporate limits of the town of Lawndale, a portion of said land lying on either side of a public street called Robson Avenue, delineated on a subdivision map filed for record in 1872 but never actually opened or improved upon the ground. Of this tract respondent condemned 4.357 acres for which the jury awarded $4021.30. It also found that the remaining land of this appellant was neither damaged nor benefited by the severance. The case was tried after the highway had been completed and was in use.

This appellant offered a model prepared by an engineer to show the condition of the tract before the construction and afterwards. To the introduction of this model the court sustained an objection. Conceding that a foundation was laid for the introduction of the model, the use of models must lie largely within the discretion of the trial court. While models may frequently be of great assistance to a court and jury, it is common knowledge that, even when constructed to scale, they may frequently, because of the great disparity in size between the model and the original, also be very misleading, and trial courts must be allowed wide discretion in ruling upon whether to admit them into evidence or not. Upon the general subject of the admission of material objects into evidence section 1954, Code of Civil Procedure, provides: "The admission of such evidence must be regulated by the sound discretion of the court".

In *Dameron* v. *Ansbro,* 39 Cal. App. 289 [178 Pac. 874, 879], complaint was made of the trial court's refusal to allow a medical witness to use a human skeleton to illustrate his testimony. The court said: ''We do not understand that appellant was thereby denied any legal right. It is a matter left to the sound discretion of the court''. See, also, *Leonard* v. *Hume,* 5 Cal. App. (2d) 41 [41 Pac. (2d) 965]. We cannot hold that the trial court abused its discretion in refusing to allow in evidence a small model of a tract of land several acres in extent.

Complaint is also made of the refusal to admit into evidence five photographs of portions of the land taken before the construction of the highway. Here again the court has a wide discretion. Furthermore, other photographs of the land taken before the highway was constructed were admitted, and there is no showing of prejudice to appellant by the exclusion of these particular photographs.

Objections were sustained to certain questions concerning the collection of rainwater by the highway and its diversion onto this appellant's lands. Thereafter the witness was permitted to testify very fully on the subject, and the error, if any, was thereby cured.

This appellant was asked how much of the top soil on her land had been washed away by reason of the rain being diverted onto it from the road. She said that she could not answer the question. Thereafter the question was repeated, and the court properly sustained an objection on the ground that the witness' answer would be speculative.

Objections were sustained to some questions of expert witnesses on value called by respondent as to their knowledge of particular sales. A wide latitude should be allowed on cross-examination in inquiring into such matters (*Estate of Ross,* 171 Cal. 64 [151 Pac. 1138]; *San Diego Land & Town Co.* v. *Neale,* 88 Cal. 50 [25 Pac. 977, 11 L. R. A. 604]; *Spring Valley Water Works* v. *Drinkhouse,* 92 Cal. 528 [28 Pac. 681]) even to the asking of leading questions. (Code of Civil Procedure, section 2048.) However, evidence of other sales, some of them at high prices, was admitted on cross-examination, and while we feel that the trial court was unduly strict in a few of its rulings, we cannot say on the whole record that this appellant suffered prejudice thereby.

■ An expert witness for this appellant testified fully that to avoid serious damage to the land from erosion, it would be necessary to construct a drainage system. Over objection he testified that the cost of such a system would be $10,000. The evidence as to cost was afterwards stricken out. Evidence of the cost of protecting land from injury which will otherwise be caused by a public improvement has been held admissible in eminent domain cases on two theories: 1. That while not itself an element of damage it may be considered on the question of depreciation of market value. (*Butte County* v. *Boydston,* 64 Cal. 110 [29 Pac. 511] ; *Currie* v. *Glasscock County,* (Tex. Civ. App.) 212 S. W. 533) : 2. That if the cost of protection is less than the depreciation in market value which would otherwise accrue it furnishes the true measure of damages. (Nichols on Eminent Domain, vol. 2, p. 728.) This appellant did not specially plead the necessity and cost of constructing a drainage system, although she did allege damage to her land by flooding and erosion. *Moran* v. *Ross,* 79 Cal. 159, 165 [21 Pac. 547], is authority for the rule that in eminent domain proceedings the necessity of constructing protective works, if it exists, must be alleged in the answer. It is a general rule of pleading that damages which naturally, but not necessarily, follow from the act complained of must be specially pleaded to allow the adverse party to be prepared to meet evidence on the subject at the trial. (*Gomez* v. *Reed,* 178 Cal. 758, 759, 763 [174 Pac. 658] ; *Stevenson* v. *Smith,* 28 Cal. 102, 104 [87 Am. Dec. 107].) Under the authority of these decisions the court properly struck out this evidence as not within the issues.

As to other rulings on evidence, of which complaint is made, it is sufficient to state that we have examined them and find them either not erroneous or not prejudicial.

■ The court limited proof of damage to the lands lying on the same side of Robson Avenue as the land taken for the highway. Since Robson Avenue was not improved or open on the ground to travel, and since appellant was using the entire tract as a unit, it is claimed that this ruling was error under *City of Stockton* v. *Marengo,* 137 Cal. App. 760 [31 Pac. (2d) 467]. The cases are not parallel. In the Marengo case the defendant had platted the tract into blocks and streets but had not sold it and continued to occupy it as a whole. In the case before us the tract was platted in 1872,

and in 1910 and 1913 appellant purchased the lots forming her holding by reference to the recorded map. Under the circumstances the case is ruled by *East Bay Municipal Utility Dist.* v. *Kieffer,* 99 Cal. App. 240 [278 Pac. 476, 279 Pac. 178], and *Oakland* v. *Pacific Coast Lumber & Mill Co.,* 171 Cal. 392 [153 Pac. 705], and the evidence of damage was properly limited to the contiguous lands not separated from the portion condemned by a public street.

Finally this appellant argues that the evidence of damages by erosion and flooding was uncontradicted and the finding of no damage is without support in the evidence. The jury was taken to view the premises, and there was ample evidence from expert witnesses that the land suffered no depreciation in market value as a result of the improvement. The case is the ordinary one of a conflict of testimony, the solution of which was for the jury.

*The Baciocco and Devincenzi Appeal.*

Appellants Baciocco and Devincenzi were the owners of 1.047 acres of which respondent condemned .911 acre. The jury allowed appellant Baciocco for a 17/18 interest in the property taken $774.35, and as severance damage to her interest in the portion not condemned $115.60; and to appellant Devincenzi for a 1/18 interest $45.55 and $6.80 severance damage.

These appellants urge that the judgment is in contravention of the Fourteenth Amendment to the United States Constitution because of the inadequacy of the compensation allowed. They do not point out any procedural right which was denied them, and as there was ample evidence to support the verdict we find this contention without merit.

They complain of the failure to give certain instructions but they do not print the instructions given on the same subject and we pass that matter without further comment. (Rule VIII, section 3, Rules for the Supreme Court and District Courts of Appeal.)

They complain of certain rulings upon evidence as to value. While the court may have erred in a few of its rulings only two instances are cited in the brief and on the whole record we cannot say that appellants suffered any prejudice.

The claim of these appellants that the court of its own motion should have given a cautionary instruction to the

jury to take into account in weighing the testimony of respondent's witnesses on value their business or pecuniary interest is without merit. The court should not single out witnesses for instructions as to the weight to be given their testimony. (*Thomas* v. *Gates*, 126 Cal. 1 [58 Pac. 315]; *Estate of Blake*, 136 Cal. 306 [68 Pac. 827, 89 Am. St. Rep. 135]; *Juchert* v. *Tenent*, 126 Cal. App. 216 [14 Pac. (2d) 617].) The court gave the usual general instruction that in weighing the testimony of a witness the jury is authorized to take into consideration, among other matters, "his real or apparent interest in the subject of the controversy". If appellants had desired a more specific instruction on the subject applicable to all witnesses alike, and we need not decide whether they would have been entitled to one in any event, they should have proposed such instruction. Having failed to do so they cannot now complain.

The judgments appealed from are affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 21, 1937.