[Civ. No. 21518. First Dist., Div. Two. April 20, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH W. BOWERS et al., Defendants and Appellants.

Petersen & Petersen and Robert C. Petersen for Defendants and Appellants.

Stanley Mosk, Attorney General, Howard S. Goldin, Assistant Attorney General, and John Morris, Deputy Attorney General, for Plaintiff and Respondent.

AGEE, J.—In this eminent domain action defendants appeal only from that portion of the judgment denying them any severance damages. The trial court withdrew this issue from the jury on the ground that there was no physical contiguity between the defendants' property which remained and that which was taken. The jury valued the take at $12,500 and appellants accepted this amount as full payment therefor.

Appellants' property was originally part of a 98.21-acre tract conveyed by deed to George P. Litch on April 1, 1912. The property is in Mendocino County and lies along the coastline of the Pacific Ocean.

On June 15, 1914, Litch deeded a strip 50.1 feet wide to the Union Lumber Company on which it thereafter constructed a railroad for use in its logging operations. This strip ran north-south through Litch's entire holding, a distance of approximately 2,250 feet and comprising 2.58 acres.

The deed to the lumber company contained no reservation of any easement or right to cross over said strip from one side to the other. The company fenced its property on both sides.

On December 1, 1937, Litch's widow deeded the entire tract to Alex and Olive Cameron, expressly excepting therefrom the 2.58 acres previously conveyed to the lumber company.

On October 2, 1946, Olive Cameron, as surviving owner, deeded all of her "right, title and interest" in the most northerly portion of the tract to appellants. The outside boundary lines of this portion form a rough rectangle, with the northerly side 1,500 feet in length, the westerly side 750 feet, the southerly side 1,800 feet and the easterly side 619

feet. Excluding the land within these boundary lines which is owned by the lumber company, the property conveyed to appellants comprises a total of 22.68 acres.

About 1950, the lumber company removed the rails and constructed a paved private vehicular road over its property for use in its logging operations.

Appellants' property lying between the west side of the logging road and the ocean comprises 3.2 acres, all of which are being taken for state park purposes. The remaining 19.48 acres are on the other side of the road and extend to State Highway 1 on the east. None of the property is improved. It has been used from time to time for cattle grazing. During the trial the take was referred to as the ''seaward parcel'' and the remaining land as the ''inland parcel.''

Appellants stipulated at the trial that they do not have any easement or crossing right of record or any easement by prescription over the lumber company's parcel.

Appellants also acknowledge the general rule that severance damages are not allowable unless the part taken is physically contiguous to the remaining property and that where the part taken and the remaining part are separated by an intervening fee ownership, the necessary physical contiguity is destroyed. (*People* v. *Ocean Shore Railroad,* 32 Cal.2d 406 [196 P.2d 570, 6 A.L.R.2d 1179] ; *City of Oakland* v. *Pacific Coast Lumber etc. Co.,* 171 Cal. 392 [153 P. 705] ; 3 Witkin, Summary of Cal. Law, p. 2046; Cal. Condemnation Practice (Cont. Ed. Bar) p. 67.)

However, appellants contend that there is no such separation *in fact* in the instant case because they have ''an easement by implied reservation or necessity'' which was created when Litch failed to provide for a crossing right in his deed to the lumber company. Appellants rely upon *People* v. *Thompson,* 43 Cal.2d 13 [271 P.2d 507], as authority for their contention.

In *Thompson,* the defendants owned a 100-acre tract through which Highway 101 ran in a north-south direction. The state sought to take 12.73 acres from the defendants' property on the easterly side of the highway and also the 4.27 acres which were occupied by the highway itself, comprising a total take of 17 acres.

The majority opinion held that, because the state had only an *easement* over the strip of land occupied by the highway and the defendants were the *owners* of the underlying fee, the remaining 83 acres should be treated as one contiguous parcel for the purpose of determining severance damages.

The opinion, written by Mr. Justice Schauer, calls attention to the fact that defendants had the legal right to "unlimited access back and forth across the roadway" from any point on their property. He concluded that the state's easement did not divide defendants' property into two separate parcels within the meaning of the statute, which allows severance damages "to the portion [of a larger parcel] not sought to be condemned." (Code Civ. Proc., § 1248, subd. 2.) The basis of this conclusion is that the easement was "not factually a true or complete separation" of the tract. (P. 18.)

The rule of *Thompson* is that, where an owner's land is burdened by an easement which does not prevent access from one part of his property to another, the owner's right to severance damages is not destroyed by the physical contiguity requirement referred to above.

There is an obvious and fundamental distinction between the facts in *Thompson* and the facts in the instant case. In *Thompson* the defendants maintained a unity of ownership in the fee of the entire 100-acre tract and such unity of ownership was held not to be destroyed by the easement acquired by the state.

In the instant case such unity of ownership in the original 98.21-acre tract was destroyed when Litch conveyed the *fee* of an inside portion thereof to the Union Lumber Company. This divestment of ownership left Litch as the owner of the respective portions remaining on each side of the lumber company's portion. It destroyed the physical contiguity necessary to the recovery of any damages to the inland parcel which resulted from the taking of the seaward parcel.

The principle would be the same whether the parcel conveyed to the lumber company had been 100 feet or 500 feet in width instead of only 50 feet. We think that the trial court was correct in not extending the rule of the *Thompson* case to the facts of the instant case and that appellants were properly denied any severance damages.

Moreover, appellants' contention that Litch impliedly reserved an easement to cross over the lumber company's property is defeated by the rule that such an easement rests upon a preexisting use by the grantor and "must be both apparent and continuous, or obvious and permanent. ... [T]o establish an easement by implication, there must be something upon the servient estate which is either visible or in the nature of a permanent artificial structure." (*Swarzwald* v. *Cooley*, 39 Cal.App.2d 306, 324-325 [103 P.2d 580];

see also, *Reese* v. *Borghi,* 216 Cal.App.2d 324, 332-333 [30 Cal.Rptr. 868] 2 Witkin, Summary of Cal. Law, p. 1024.)

The type of situation which supports an implied reservation of an easement by the grantor is illustrated in *Palvutzian* v. *Terkanian,* 47 Cal.App. 47 [190 P. 503]. There the owner of irrigated land deeded the part of it from which the irrigating water came. The grantee plowed up the ditches on his property and thus obstructed the flow of water to the grantor's remaining property. It was held that an easement was impliedly reserved by the grantor to have the water flow through the ditches on the grantee's land onto the land retained by the grantor.

In the instant case, there was no preexisting use by the grantor (Litch) of the lumber company's land "which was open, visible and continuous. ..." (*Reese* v. *Borghi, supra,* at p. 332.) In fact, there was not even a "well defined and obvious trail," as was involved in *Swarzwald* v. *Cooley, supra.*

It is also unnecessary to discuss appellants' attempt to impose an easement by necessity upon the lumber company's property. It may be pointed out, however, that no effective judicial determination of this issue could be made without the lumber company being made a party herein.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.