[Civ. No. 22004.   First Dist., Div. Three.   Nov. 30, 1964.]

THE  PEOPLE  ex  rel.  DEPARTMENT  OF  PUBLIC WORKS, Plaintiff and Respondent, v. GLEN E. DICKINSON et al., Defendants and Appellants.

Mathews & Traverse and Francis B. Mathews for Defendants and Appellants.

Harry S. Fenton, John B. Matheny, Edward J. Connor and Donald M. Pach for Plaintiff and Respondent.

DEVINE, J.—The State of California has condemned, for highway purposes, part of a parcel of land labeled Parcel No. 7, owned by appellant Glen E. Dickinson, and all of a parcel of land labeled Parcel No. 9, owned by appellant Glen C. Dickinson. The two tracts are separated by a distance of approximately 500 feet, but they are connected by a non-public road, over which appellant Glen E. Dickinson owns an easement of way. Both parcels are leased and utilized for an automobile salvage and wrecking business by a partnership comprised of the two appellants.

The pretrial conference order states that the primary question placed in issue by the pleadings, and by the parties at pretrial, is whether or not this action involves one or two parcels, and that it was agreed by the parties that this issue should be tried by the court prior to trial on the question of damages.

In a short memorandum opinion, the trial judge held that "the parcels are separate and independent and that Parcel No. 9 must be considered as one and not as a part of the larger parcel." The parties stipulated that on the basis of separate parcels, if the cause were submitted to a jury, the jury would find the total amount of compensation and damages to be $16,150. A judgment in condemnation was then entered. The issue of single or separate parcels was reserved for appeal.

## 1. *Severance Damages*

### A. *Prerequisites to Severance Damages*

■ To be entitled to severance damages, appellants must show, under Code of Civil Procedure section 1248, that Parcel 9 was part of a ''larger parcel'' which includes Parcel 7. Three elements must be present to constitute unity of property, namely, unity of title (*San Benito County* v. *Copper Mtn. Min. Co.,* 7 Cal.App.2d 82 [45 P.2d 428]; *City of Stockton* v. *Ellingwood,* 96 Cal.App. 708 [275 P. 228]); ordinarily, contiguity (*People* v. *Ocean Shore Railroad, Inc.,* 32 Cal.2d 406, 424 [196 P.2d 570, 6 A.L.R.2d 1179]); and unity of use (*City of Menlo Park* v. *Artino,* 151 Cal.App.2d 261, 270 [311 P.2d 135]; *City of Stockton* v. *Marengo,* 137 Cal.App. 760, 766 [31 P.2d 467]).

Respondent concedes that there was unity of use, but denies the existence of the other two essential elements.

### B. *Unity of Title*

Appellants contend that unity of title is created by the partnership agreement between the two individual owners, and they cite *City of Stockton* v. *Ellingwood, supra,* and *Perelli-Minetti* v. *Lawson,* 205 Cal. 642 [272 P. 573]. ■ It is true that, as these and other cases hold, under certain circumstances land held in the names of individual partners may be found to be partnership property. But it is not necessarily partnership property merely because it is used for partnership purposes. (*Ellis* v. *Mihelis,* 60 Cal.2d 206, 218-219 [32 Cal.Rptr. 415, 384 P.2d 7].) The existence of the lease shows that the partners retained the parcels in individual ownership, effecting by the lease the right of the use for the partnership.

### C. *Contiguity*

Lacking, too, is the element of contiguity. Appellants cite *People* v. *Thompson,* 43 Cal.2d 13 [271 P.2d 507], in which two parcels, under common ownership before and after the taking, were held to remain contiguous although a highway had run between them, because the highway in that case constituted an easement only, and the lands, which before the highway easement was created were physically a single unit, remained joined together in fee title. The owners had enjoyed, before the taking, unlimited access across the highway, from one of their parcels to the other. Therefore, when the state sought to condemn a strip of one parcel and to build a

fence which would cut off access along a line many thousands of feet in length, severance damages were to be awarded. There is no doubt that by the *Thompson* case the importance of unity of use was enhanced.

The general rule, however (over and above the requirement of unity of ownership, considered above), is that parcels which are noncontiguous and are separated by property to which parties other than the condemnee hold the fee, are not to be regarded as a single parcel merely because of unity of use. (*Oakland* v. *Pacific Coast Lumber & Mill Co.*, 171 Cal. 392, 398 [153 P. 705].) This rule has been applied in recent cases wherein the *Thompson* case was distinguished, where the state owned the *fee* as distinguished from mere easement to a highway running between the parcels which the condemnee claimed to be contiguous. (*People* v. *Bowers*, 226 Cal.App.2d 463 [38 Cal.Rptr. 238]; *People* ex rel. *Dept. of Public Works* v. *Fair*, 229 Cal.App.2d 801 [40 Cal.Rptr. 644].) It is true that in both of these cases the fact that access across the highway, an element of unity of use, was not as complete as that in the *Thompson* case was one of the distinctions made; but the distinction as to ownership of the fee was given also as reason for distinguishing the *Thompson* case.

We do not, however, have before us a case wherein two parcels are split by a public highway, and the nature of the public body's interest in the highway, whether fee or easement, is a deciding factor, but a case in which appellants seek to unite by an easement two parcels 500 feet apart, in which the fee of the intervening land is owned by other persons.

We believe that the easement is not adequate to make the two parcels contiguous, for several reasons (besides the separately treated one, the need for unity of ownership): (1) In *Atchison, Topeka & S. F. Ry.* v. *Southern Pacific Co.*, 13 Cal.App.2d 505, 520 [57 P.2d 575], it was held that two parcels, a railroad station and another parcel, were not to be regarded as contiguous although there was a spur track running between them. This ruling, perhaps, is somewhat weakened by the fact that the railroad station was to be abandoned, not because of the condemnation proceeding, but by order of the Railroad Commission. Also, it was held that there was not a unity of use (p. 521). (2) No authority has been cited, however, by appellants wherein an easement between two parcels would operate to join them for the purpose

of severance damages. (3) We observe, too, that there is no description of the quality of the easement. It may have been an easement in gross, which is a mere personal interest in real estate of another. (*Balestra* v. *Button*, 54 Cal.App.2d 192, 197 [128 P.2d 816].) If it were such and were not attached to a dominant tenement, it may have been terminable under any number of conditions. The case was tried on a stipulated statement of facts in which the easement is described simply as ''an easement of way known as Anderson Avenue, a non-public road. Said easement on record in the Humboldt County Recorder's Office is vested in Glen C. Dickinson.'' We do not mean to say that if the easement had been shown to be appurtenant, conjunction would have been effected; we merely point out that its quality was not stated.

The case of *City of Stockton* v. *Marengo*, 137 Cal.App. 760 [31 P.2d 467], cited by appellants, is a quite different one because in that case the owner of a large tract had platted it into blocks and streets, but had continued to occupy it as a whole. The mere platting did not destroy contiguity. This distinction between the *Marengo* case and cases of actual separation has been pointed out in *San Mateo County* v. *Christen*, 22 Cal.App.2d 375, 380 [71 P.2d 88].

The two parcels are not to be considered one merely because of unity of use and such physical connection as is provided by the private roadway. There is neither unity of ownership nor contiguity of the parcels. Severance damages are not allowable.

### 2. *Damages to the Property Taken*

Appellants' other point on appeal is that, wholly apart from the question of severance damages, a higher value to the lands actually taken (all of Parcel 9 and part of Parcel 7) must be allowed because of the unity of their use, and that contiguity is not required in this regard, whatever may be the rule as to contiguity in respect of severance damages. Appellants' argument flows from the cases of *City of Stockton* v. *Vote*, 76 Cal.App. 369, 407 [244 P. 609], and *City of Pasadena* v. *Union Trust Co.*, 138 Cal.App. 21, 25 [31 P.2d 463]. These cases, so far as relevant to appellants' claim, hold that the adaptability of the owner's land for the highest and best use may be taken into consideration in fixing value, even though his land alone would not constitute the entire site for that use, and the joining of his land with that of others would be necessary. This claimed increment in value,

over the amount which would have been awardable if the parcels were entirely separate, could not have been made, say appellants, once the court had decided (appellants contend, erroneously) that the parcels were separate.

But respondent replies that appellants were not foreclosed from pursuing this theory by the court's memorandum opinion, in which the decision was announced that there were separate parcels, but by their pleadings, the pretrial order, the stipulation of facts presented to the court, and the stipulated judgment. The answer to the complaint alleges that each of the parcels is part of a larger parcel and refers to severance damages, and contains no language particularly directed to the alternate theory now argued by appellants. The pretrial conference order states that the primary question is whether the action involves one or two parcels. The agreed statement of facts is expressed by the parties as relating to the question whether the action involves one or two parcels. After the judge decided that the parcels ''are separate and independent and that Parcel No. 9 must be considered as one and not as a part of the larger parcel,'' the parties stipulated that if the cause were submitted to a jury on the issue of compensation, ''the jury would find the total amount of compensation and damages to be paid for Parcels Nos. 7 and 9, and all improvements thereon pertaining to the realty, in the sum of $16,150.00.'' Judgment was given accordingly. A brief memorandum submitted by appellants had argued, along with the claim for severance damages, that the use to which the two parcels had been put should cause them to be regarded as one, independently of severance damages.

But appellants were not foreclosed by the judge's memorandum of decision from pursuing the point and presenting evidence that the parcels, regarded as separate, had gained in value by common use. The merits of such an argument we need not, and cannot decide. No evidence was presented except the bare stipulated fact that both parcels were used in the salvage business.

Indeed, in *City of Stockton* v. *Vote, supra,* there were admittedly separate parcels, only potentially owned and used in common. Whatever contention appellants might have wished to make along those lines, they might have made freely, from all that appears. Instead, they chose to stipulate to the amount of compensation and *damages* a jury would assess.

For all we know, the parties had in mind the common use when they agreed on the figure.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.