[Civ. No. 9296. Second Appellate District, Division Two.—March 1, 1935.]

ANNA L. LEONARD, Respondent, v. ALEXANDER HUME, Appellant.

Davis & Thorne for Appellant.

Henry Cohen and John R. Barta for Respondent.

CRAIL, J.—This appeal is from a judgment in favor of plaintiff (respondent) in an action for personal injuries. The car in which plaintiff was riding had been parked in a parking station on the east side of Vine Street between La Mirada and Lexington. The car was driven out of the driveway of said station and south on Vine Street a distance of about 50 feet when it was struck by defendant's car, which was traveling south on Vine. The automobile in which plaintiff was riding did not belong to her, but was owned and driven by Monroe C. Kidder. It was stipulated by counsel that plaintiff was not guilty of contributory negligence.

Appellant first contends that his motion for nonsuit based upon the ground "that there was no evidence to support any allegation of negligence on the part of defendant" should have been granted. It is our duty on appeal to

view the evidence in the light most favorable to the respondent. Having done so we find there is substantial evidence to sustain the ruling of the trial court. The same observation and the same ruling is made as to appellant's contention that there is not sufficient evidence to support the verdict.

Appellant's third contention is that there was undue influence exercised upon the jury which caused them to bring in the verdict for the plaintiff and that otherwise the result would have been a hung jury. The case was presented to the jury for consideration on Friday, December 23, 1932. Christmas came on the following Sunday. Appellant presents the affidavits of three jurors stating that after several ballots had been taken the jury stood 8 to 4 against the defendant at about 9:45 P. M.; that "at that time the Bailiff in Department 11 who was assigned to take care of said jury, came into the jury room and stated that he had to give thirty minutes notice to the Rosslyn Hotel as to whether or not the jury would be sent there for the night, and he would give them fifteen minutes in which to make up their minds as to whether a verdict would or would not be rendered in this case"; that the jurors began talking about Christmas and wanted to be home for the holidays; and that they compromised on the verdict, the vote being 9 to 3 in favor of the plaintiff. If true, this did not constitute undue influence by the bailiff. As to the conduct of the jurors it is a well-known rule of law that the affidavits of jurors cannot be used to impeach their verdict. (24 Cal. Jur. 877.)

Appellant's fourth contention is that his "motion for a new trial should have been granted . . . because of irregularity on the part of the trial court in closeting himself with two of the witnesses during the trial in passing upon request made by defendant to permit the jury to see the back of the plaintiff, and then ruling adversely on defendant's request, without explanation as to his purpose in talking to said witnesses privately and without the presence of counsel". The demonstration of physical injuries to the jury is a matter within the sound discretion of the trial court. (10 Cal. Jur. 859.) The question before the court was whether the plaintiff, a woman, should be stripped to the waist in order to display her injuries in open court.

We are unable to see how any prejudice against defendant could have resulted from the mere fact that the court discussed the matter in chambers with the plaintiff and her physician. No prejudice is shown and we must not assume error in order to grant a reversal. All the presumptions are in favor of the regularity of trial proceedings.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1935.