[Civ. No. 16743. Second Dist., Div. Two. Feb. 18, 1949.]

JOE M. RASICH, Respondent, v. GLADDING McBEAN & COMPANY (a Corporation), Appellant.

242

Clarence B. Runkle for Appellant.

Robert E. Krause for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for personal injuries received as the result of plaintiff's being hit by an automobile driven by the agent of corporate defendant, the latter appeals.

The record discloses that the above entitled action was tried before a jury and a judgment returned in favor of plaintiff against the corporate defendant. Thereafter that defendant's motion for a new trial was granted on the ground, among others, of the insufficiency of the evidence.

On the second trial, from the judgment in which the present appeal is taken, after the case had been submitted to the jury and while they were deliberating, the bailiff telephoned to the trial judge and said the jury had stood seven to five but then stood six to six and were deadlocked; that the jury could break their deadlock if they were instructed upon a question they would like to have answered. Shortly thereafter, without receiving any additional instructions from the trial judge, the jury returned a verdict in favor of plaintiff. In response to defendant's argument on the motion for a new trial that the bailiff had given instructions to the jury out of the presence of the court the trial judge made the following statement:

"*Now, the only thing that I can see that might have happened was that the proposition was made that they didn't have to go out to dinner if I could answer a question, and when I said, 'Yes, definitely,' it might have been the bailiff,* whom I have not been able to contact to find out from him because I understand he is in the criminal department, that *he answered, 'Yes, definitely, that I would give that instruction.' It might have been that a question was asked of the*

*bailiff that might have required a 'yes' or 'no' answer, and he might have answered it.''\** (Italics added.)

 Defendant urges reversal of the judgment on the proposition that *the trial court committed prejudicial error in refusing to give the following instruction requested by it*:

''You have been instructed on the subject of the measure of damages in this action because it is my duty to instruct you as to all the law that may become pertinent in your deliberations. I, of course, do not know whether you will need the instructions on damages, and the fact that they have been given to you must not be considered as intimating any view of my own on the issue of liability or as to which party is entitled to your verdict. (Requested by defendant) (Refused, A.E.P., Judge.)''

This proposition is tenable. The foregoing instruction was approved in *Grover* v. *Morrison* (1920), 47 Cal.App. 521, 531 et seq. [190 P. 1078]. A search of the citators reveals that the rule as announced in the foregoing case has not subsequently been questioned. On the other hand, the propriety of such instruction has been accepted by the bench and bar as is evidenced by the fact that such instruction is included in the Third Revised Edition of California Jury Instructions (Civil), 1943, on page 232. This work was compiled by a representative group of members of the bench and bar, each of whom was well versed in the law, with many years of experience in the trial of negligence cases. The reasoning in *Grover* v. *Morrison* is sound and convincing.

This is not a proper case for the application of article VI, section 4½ of the Constitution of California because the record discloses that the evidence was conflicting and various inferences might have been drawn therefrom. In view of the fact that the judgment in the first trial was vacated for the insufficiency of the evidence, plus the fact that in the present trial the jury was evenly divided for a long period, and the trial judge's statement at the time of the hearing on the motion for a new trial that it was possible that the jury had been improperly instructed by the bailiff, we cannot say that had the requested instruction been given the jury might not have reached a different result. Hence

---

*It is to be noted that we are not considering the affidavits of the trial jurors which purported to set forth what transpired in the jury room, in view of the established general rule that the affidavits of jurors cannot be used to impeach their verdict. (*Leonard* v. *Hume*, 5 Cal.App.2d 41, 43 [41 P.2d 965].)

the failure to give the instruction constituted prejudicial error. (*Tower* v. *Humboldt Transit Co.*, 176 Cal. 602, 605 et seq. [169 P. 229]; *Langford* v. *San Diego Elec. Ry. Co.*, 174 Cal. 729, 734 [164 P. 398].)

The judgment is reversed.

Moore, P. J., and Wilson, J., concurred.