# Cameron *v.* Pittsburgh & Lake Erie R. R., Appellant.

[Marked to be reported.]

*Railroads—Eminent domain—Condemnation proceedings—Damages— Division of farm by canal—Damages to whole farm.*

The construction of a canal through a farm does not have the effect of converting the farm into two separate and distinct tracts, so as to limit the allowance of damages for the construction of a railroad to one part of the farm only.

In a proceeding against a railroad company to recover damages for the construction of a railroad across a farm, it appeared that the farm was intersected by a canal, and that the land taken by the railroad was wholly on one of the portions of the farm into which it was divided by the canal. The canal was unused, but the fee in its bed was not in the owner of the farm. Both before and after the construction of the canal, the land had been used as one undivided farm. The deed to plaintiff, however, described separately the parts lying on either side of the canal. *Held,* that evidence to show depreciation in the value of the farm as a whole was admissible.

Argued Oct. 9, 1893. Appeal, No. 15, Oct. T., 1893, by defendant, from judgment of C. P. Lawrence Co., March T., 1892, No. 36, on verdict for plaintiff, Allen Cameron. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Appeal from assessment of land damages. Before MARTIN, J.

The facts appear by the opinion of the Supreme Court. The

buildings were on the smaller tract, between the railroad and the canal.

When plaintiff was on the stand his counsel proposed to show that although the canal did cut the farm in two, and was occupied for a long period of time across the farm, that notwithstanding this the two parts of the farm were always connected by a bridge and the whole 125 acres was occupied always, while the canal was in operation and afterwards when it went into disuse, as one whole farm.    Objected to as incompetent and immaterial for any purpose in this issue.    Objection overruled and exception. [2]

The witness then testified as in the offer.

Other offers of evidence to prove the injury to the two parts of the farm as one farm were admitted under objection and exception.  [1, 3, 4, 5]

The court charged in part as follows :

" [But when the state took that strip of land for the purpose of constructing a canal upon it, notwithstanding the fact that they took it in fee simple and had the absolute title in it, the identity of the farm through which the canal passed was not destroyed,—notwithstanding the fact that the farm was cut, by taking that strip, into two separate pieces, the identity of the farm was not destroyed, but the two pieces of land, one on either side of the canal, after the building of that canal, constituted a farm just as they had constituted a farm before the commonwealth had entered upon and took the strip out of it.] [8]

" [And notwithstanding the fact that the canal was built across them, they, after that time, constituted one farm, and for the purpose of assessing the damage done by this railroad company to that farm, are to be considered as one farm, the same as though no person, no company—or the commonwealth had not taken that strip out of that piece of land.    So that when you come to assessing the damage done, you should assess the damage done to the farm of Allen Cameron, which, as the testimony shows, amounts to between 118 and 120 acres.] " [9]

Defendant's points were among others as follows :

" 2. In this case, under the evidence, the inquiries and consideration of the jury should be limited and confined to evidence of facts relating to and affecting the value of that tract or piece of plaintiff's land situate east of the former Erie Canal."    Refused. [6]

" 3. The jury should not take into consideration, in fixing the amount of their verdict, any advantages or disadvantages, or injuries or benefits to the piece of land west of the former Erie Canal." Refused. [7]

Verdict and judgment for plaintiff for $1,700. Defendant appealed.

*Errors assigned* among others were (1–5) rulings on evidence; (6–9) instructions; quoting bills of exceptions and evidence and instructions.

*D. B. Kurtz, L. T. Kurtz* with him, for appellant.—Advantages or disadvantages affecting an adjoining but separate tract, owned by the same person, but not cut by the railroad, cannot be taken into consideration in assessing damages for the property actually taken : Potts v. R. R., 119 Pa. 278; Pa. Co. for Ins. on Lives v. R. R., 151 Pa. 334; Harrisburg & Potomac R. R. v. Moore, 4 W. N. 532; act of Feb. 19, 1849, § 11, P. L. 83.

In Graham v. R. R., 145 Pa. 504, the owner's land was undivided at the time when the railroad company entered and built its railroad.

Defendant's appropriation invades neither the parcel of land west of the canal, nor such right of way or easement in the land formerly occupied by the canal, and therefore the injury, if any, suffered by plaintiff is but indirect and consequential—and for which there could be no recovery in this case under the rulings of this court in the cases of Penna. R. R. v. Lippincott, 116 Pa. 472; Penna. R. R. v. Marchant, 119 Pa. 541.

The commonwealth acquired an absolute estate in perpetuity in the land taken and occupied for canal purposes : Western Penna. R. R. Co.'s Ap., 99 Pa. 155; Wyoming Coal & Tr. Co. v. Price, 81 Pa. 156; Com. v. McAllister, 2 Watts, 190; Haldeman v. Penna. R. R., 50 Pa. 425; Craig v. Allegheny City, 53 Pa. 477; Robinson v. West Penna. R. R., 72 Pa. 316.

*S. W. Dana, S. D. Long* with him, for appellant.—The several acts of assembly under which the state canals were constructed did not intend to divide the farms through which they passed into distinct parcels : Acts of Feb. 25, 1826, P. L. 55; April 9, 1827, P. L. 192; March 18, 1835, P. L. 75; March 7, 1843, P. L. 36.

Railroads divide a farm into two distinct parts just as much as the state canals. But the estimate of damages in case of railroads, as in case of the state canals, has always been the difference in value between the tract taken as a whole before the construction of the railroad, and its value taken as a whole tract or farm after the construction of the road through it.

Potts v. R. R., 119 Pa. 278, was an attempt to connect three pieces—quarry lot, shipping lot, and lot used for storage yard—though far apart, and used for distinct purposes, and claim damages for one whole.

In Penna. Co. for Ins. on Lives v. R. R., 151 Pa. 334, the pieces were divided by a piece that belonged to another owner, lying between them, and no connection whatever was shown, except that the owner had a private way across the intervening piece.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 23, 1893:

In 1891, the defendant company appropriated a strip of land, for railroad purposes, extending northerly across the easterly end of plaintiff's farm. On appeal from award of viewers, this issue was formed for the purpose of determining the amount of his damages; and on the trial thereof the railroad company contended that he was not entitled to recover for the injury or depreciation of the westerly end of the farm containing eighty-five acres, because it is a separate and distinct tract from that through which its road passes. The facts, upon which this contention is based, are as follows: Over sixty years ago, the farm in question was bisected by the Beaver division of the Pennsylvania Canal, in the construction of which the commonwealth acquired title in fee to the strip of land taken for canal purposes. Afterwards that title passed to persons other than the plaintiff or those through whom he acquired title to his farm, so that he has never owned the strip formerly occupied by the canal bed and its banks. That improvement crossed the farm in a northerly direction, leaving about thirty-four acres on the easterly and eighty-five acres on the westerly side thereof. For the purpose of furnishing convenient communication between the two parts of the farm, a bridge was built over the canal and thereafter maintained by the commonwealth and her successors in title, while the canal was in operation.

On the trial of the issue, testimony, tending to show the extent to which the farm, as a whole, including the portions east and west of the old canal, was depreciated by defendant company's appropriation of said strip for railroad purposes, was offered and received by the court under exception.   The learned judge also instructed the jury, in substance, as recited in the eighth and ninth specifications, that notwithstanding the fact that the farm was cut into two pieces by taking the strip in fee for canal purposes, its identity was not destroyed, but the two pieces of land, one on either side of the canal, continued to constitute the farm just as they did before the commonwealth entered and appropriated the strip for canal purposes; that for the purpose of assessing the damages sustained by the plaintiff in consequence of the taking by defendant company, the two pieces are to be considered as one farm, the same as though the commonwealth had not taken the strip in fee.   In brief, the single question involved in all the assignments of error is whether the learned judge was correct in taking that view of the law.   There is no controversy as to the facts upon which that question depends.   An outline of the principal facts has already been given.   The others are in entire harmony with those already stated.   They all point to the conclusion that the lands in question constitute, as they did before the construction of the canal, one single farm, the entirety of which was not affected by that improvement or anything else, except as to the quantity of land taken therefrom by the commonwealth.   So far as the testimony shows, the farm has always been held, occupied and cultivated as one tract of land.   There is little, if any significance in the fact that, in the deed by which plaintiff acquired title, the parts lying on either side of the canal are separately described by metes and bounds, one bounded on the west by the easterly line of the canal, and the other on the east by the westerly line of the canal.   It was a convenient way of excluding the commonwealth's property.

It was never contemplated by the legislation under which the canals were constructed that the appropriation of a strip through or across any farm should have the effect of converting one single farm into two separate and distinct farms or tracts.   To hold that it had that effect would be a very narrow as well as unwarranted construction.

Without further comment, we are clearly of opinion that the learned judge was right in holding that plaintiff was entitled to recover damages for the injury or depreciation of the entire farm, embracing the part west as well as that south of the old canal.

The authorities relied on by the defendant stand upon their own peculiar facts. They are not applicable to the undisputed facts of this case.

Judgment affirmed.