[Civ. No. 21095. First Dist., Div. Two. Sept. 22, 1964.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Appellant, v. JOHN WILBUR FAIR et al., Defendants and Respondents.

Harry S. Fenton, Holloway Jones, Jack M. Howard, Lee Tyler and William R. Edgar for Plaintiff and Appellant.

Wool, Richardson & Colbert and James R. Sherman for Defendants and Respondents.

TAYLOR, J.—This is an eminent domain proceeding to condemn for freeway purposes several parcels of land belonging to the defendants on the east and west sides of Highway 101 in the City of San Jose. The trial court ruled that by the taking of the parcel on the west side of the highway, the defendants became entitled to severance damages. A jury found that severance damages amounted to $13,500 and that there were special benefits of $20,000 accruing to defendants' property on the east side of the highway. The state appeals from that portion of the judgment for defendants holding that the special benefits to the property on the east side of the highway should not be offset against the severance damages accruing to the property on the west side. The principal contention is that this holding is erroneous because all of the property taken from defendants was part of the same "larger parcel" as defined by Code of Civil Procedure section 1248.

The facts are agreed. As stated above, defendants are coowners of lands on both sides of Highway 101 in the City of San Jose, at the Tully Road intersection. The state condemned portions of defendants' properties on both sides of the highway in order to change the Tully Road intersection from a grade crossing to a full four-quadrant interchange. The change included the construction of a frontage road along defendants' remaining property on the east side of the highway.

Defendant, John W. Fair, farmed all of the property here involved under an agreement with the family. Although the actual present use of the land was for orchard purposes, the witnesses agreed that the highest and best use of the various parcels was for multiple dwelling purposes with possibilities of industrial and commercial uses.

The portion of Highway 101 between the parcels of land owned by defendants was owned in fee by the state. Defendants' lands did not have access rights directly to the highway, but did have access rights to Tully Road which intersected the highway at a grade and thus served to provide access between the land on either side of the highway.

The special benefits found were predicated on the access that defendants' property on the east side of the right of way would acquire to the new frontage road; the severance damages, on the loss of direct access to Tully Road by defendants' remaining property on the west side of the highway.

The sole question presented by this appeal is whether the special benefits accruing to defendants' remaining property on the east side of the highway should be offset against the severance damages accruing to defendants' remaining property on the west side thereof. The state argues that its ownership in fee of a highway which bisects a condemnee's property does not prevent the commonly owned property from being part of a "larger parcel" as defined by Code of Civil Procedure section 1248 and that, therefore, the special benefits must be offset against the severance damages.

Code of Civil Procedure section 1248 provides that if a taking by condemnation is a part of a *larger parcel,* the defendant is allowed severance damages for the diminution in value to the remaining property; it further provides that any benefits to the remainder of the larger parcel accruing from the proposed improvement must be offset against the severance damages but not against the damages for the value of the land taken.

■ The problem of what constitutes a single parcel of land in the contemplation of section 1248 is essentially a question of law (*City of Oakland* v. *Pacific Coast Lumber & Mill Co.,* 171 Cal. 392 [153 P. 705]). Respondent contends that the California courts have long established unity of use, unity of title, and contiguity as the three prerequisites to the "larger parcel" referred to in said section in defining allowable severance damages (*City of Menlo Park* v. *Artino,* 151 Cal.App.2d 261, 269-270 [311 P.2d 135]). The state contends that, under the facts of this case, contiguity is not required and that unity of use is the controlling factor.

■ While some jurisdictions, including the federal courts, do not assign such an important role to the requirement of contiguity and hold that unity of title and *unity of use* may make physically distinct pieces of land parts of a larger parcel (*Baetjer* v. *United States,* 143 F.2d 391; *Union Terminal R.R. Co.* v. *Peet Bros. Mfg. Co.* (1897) 58 Kan. 197 [48 P. 860]; *Cameron* v. *Pittsburgh & L.E. R.R.* (1893) 157 Pa. 617 [27 A. 668, 22 L.R.A. 443]; *Essex Storage Elec. Co.* v. *Victory Lumber Co.* (1919) 93 Vt. 437 [108 A. 426]), our courts, like those of most jurisdictions, have consistently held that unity of title, unity of use and contiguity are required (*People* v. *Bowers,* 226 Cal.App.2d 463 [38 Cal.Rptr. 238]; *People* v. *Ocean Shore R.R., Inc.,* 32 Cal.2d 406 [196 P.2d 570, 6 A.L.R.2d 1179]; *City of Oakland* v. *Pacific Coast Lumber & Mill Co., supra; Atchison, T. & S. F. Ry.* v. *Southern Pac. Co.,* 13 Cal.App.2d 505 [57 P.2d 575]; *East Bay Municipal Util. Dist.* v. *Kieffer,* 99 Cal.App. 240 [278 P. 476, 279 P. 178]; *City of Stockton* v. *Ellingwood,* 96 Cal.App. 708 [275 P. 228]).

The requirement of contiguity was first established in this state by *City of Oakland* v. *Pacific Coast Lumber & Mill Co., supra.* In that case, the city condemned a warehouse in which the defendant had a leasehold interest. The defendant argued that because the warehouse and a mill several blocks away were used as a unit, it was entitled to severance damages for the reduction in value of the land on which the mill stood. The court, however, said that to qualify for severance damages, the land affected by the taking must be contiguous to the land taken since the Legislature did not intend to compensate the owner for injury to its business but only the decrease in the value of its land (*Id.* at p. 398). The California cases never deviated from this emphasis on absolute contiguity until the decision in *People* v. *Ocean Shore R.R., Inc., supra.*

In the *Ocean Shore R.R.* case, the court qualified the requirement of contiguity by pointing out that while it is ordinarily essential, severance damages may be proper *in some instances* where the property, though not physically contiguous, nevertheless is being devoted to an existing unity of use.[1]

The state relies heavily on *City of Stockton* v. *Miles & Sons, Inc.*, 165 F.Supp. 554, to bring itself within the exception indicated in the Ocean Shore case. The *Stockton* case was a condemnation proceeding removed to the federal court on the basis of diversity of citizenship. The defendant, a Nevada corporation, owned blocks 43½ and 289 in the City of Stockton, and utilized both of these blocks as a unit for its trucking terminal. The two blocks owned by defendant were separated by a street which the City of Stockton owned in fee. The city sought to condemn all of block 43½ with the exception of the northeast corner and contended that the larger parcel consisted only of block 43½ since its fee ownership of the intersecting street prevented physical contiguity. The defendant argued that the larger parcel upon which severance damages could be predicated consisted of both blocks 43½ and 289. The court, after discussing the various California authorities, analyzed *People* v. *Thompson*, 43 Cal. 2d 13 [271 P.2d 507], as follows: "In the *Thompson* case, *supra*, the showing of unified use was considerably weaker than in the present case. The defendant in the *Thompson* case owned three parcels of land, two of which were on the landward side of a highway, the third on the seaward side. One of the three parcels was farmed; the second was undeveloped marsh; and the third an undeveloped beach. This constituted more a nondiversity of use rather than a positive unity of use. Nevertheless, the court held that unity of use was controlling, and that since defendant had unlimited access back and forth across the highway, the highway was not factually a true or complete separation. It was further determined in the *Thompson* case that the defendant in that case owned the underlying fee in the highway which crossed his land, and that the state owned only an easement or right of way in the surface of the highway. *This factor may have*

---

[1]In support of this observation, the court referred to *Southern Cal. Edison Co.* v. *Railroad Com.*, 6 Cal.2d 737 [59 P.2d 808] and *Monongahela Nav. Co.* v. *United States*, 148 U.S. 312 [13 S.Ct. 622, 37 L.Ed. 463]. However, these cases are primarily concerned with severance damages awarded for loss of business.

*had some cumulative bearing on the court's decision, particularly where the showing of unity of use was, as compared to the instant case, quite weak. But the rationale of the Thompson case clearly was that the separation of the tracts by the highway did not render them separate and independent parcels where there was an existing unity of use and an actual means of access between the tracts.* The reasoning of the *Thompson* opinion makes it clear that, even though the state owned but an easement in the surface, if there had been no actual lawfully used means of access between the tracts, then the award of severance damages would have been limited to the smaller parcel. Thus, access and unity of use clearly were the controlling factors. This view finds ample support in the authorities. The law, generally speaking, is that where there is actual and existing unity of use and purpose, the separation of the tracts in question by intangible lines, by watercourses of whatever nature, canals, railroads, highways and the like, is without legal consequence so long as there is an actual lawfully used means of access between the tracts. . . ." (P. 564.) (Italics ours.)

The court concluded that since unity of use and a convenient means of access were the controlling considerations under its analysis of the *Thompson* case, contiguity was no longer essential in California and that defendant was entitled to severance damages to the "larger parcel" consisting of both blocks 43½ and 289.

However, *People* v. *Thompson, supra,* does not, in our opinion, justify such a conclusion. In fact, the court there expressly reaffirmed the requirement of contiguity. In *Thompson,* the state planned to build a freeway to replace a highway that crossed defendant's land from north to south. East of the highway, half of defendant's land was farmed and the other half was in a slough; the land west of the highway was beach property. The state sought to condemn a strip of the easterly portion for the new northbound traffic lanes and maintained that it had full title on which the existing highway was built. A fence was to be built along most of the newly condemned strip, thus depriving defendant of access to the freeway from his land except by way of a service road at the north end. The southbound traffic was to use the existing highway which was to be unfenced along defendant's beach property. The principal question presented was whether under Code of Civil Procedure section 1248, defendant was entitled to severance damages for the reduction in value of all of his land. To solve this issue, the court also had to

determine whether the state owned the fee or merely had an easement on the land on which the highway was built. The state contended that defendant was entitled to severance damages only for the decrease in the value of the landward property. The parties agreed that contiguity was a requisite of a larger parcel, but differed as to whether the land and beach properties owned by defendant were contiguous. The court stated: "No California case has been found which concerns severance damages where physically contiguous land is crossed by an easement for a street or highway which is in actual use but which permits unlimited access at all points. In other jurisdictions it has been held, 'If the owner's land is merely crossed by the easement of another, the fee remaining in him, and the sections so made are not actively devoted, as so divided, to wholly different uses, they are to be considered actually contiguous and so as a single parcel or tract.

" 'In a number of cases this view has been applied where the division was by a street or highway in which the owner held the land on both sides of it and owned the fee in the street or highway.' " (Pp. 22-23.)

Thus in *Thompson*, after finding that the state had only an easement in the existing highway and defendant owned the underlying fee, the court concluded that the entire remaining acreage owned by defendant on both sides of the highway should be treated as one contiguous parcel for the purpose of determining severance damages. The court stressed the fact that defendant had the legal right to unlimited access back and forth across the roadway from any point on his abutting properties and concluded that the state's easement did not divide the property into two separate parcels.

This court is not bound by the federal decision in *City of Stockton* v. *Miles & Sons, Inc., supra* (*Farmland Irrigation Co.* v. *Dopplmaier,* 48 Cal.2d 208 [308 P.2d 732, 66 A.L.R.2d 590]; *Ware* v. *Heller,* 63 Cal.App.2d 817 [148 P.2d 410]; 3 Witkin, Cal. Procedure, Appeal, § 224, pp. 2439-2440), and although the judgment in that case may have been proper under its peculiar circumstances, we do not regard the court's interpretation of the *Thompson* case persuasive or in accord with the existing California authorities.

The facts in the *Thompson* case were strikingly different from those in the instant case and the *Thompson* case merely constituted an exception to the requirement of strict contiguity. Unlike the situation in the *Thompson* case, here the parcels owned by defendants on both sides of the high-

way are separated by the intervening fee title of the state, and there is not unlimited direct access between the various parcels. In fact, defendants had no direct access to the highway as such but only to Tully Road which intercepts the highway.

The state relies also on *People* v. *Chastain,* 180 Cal.App. 2d 805 [4 Cal.Rptr. 785]. We regard this case as no more controlling of the instant situation than the *Thompson* case. In *Chastain,* the court did not comment on whether the state owned the highway in fee or merely had an easement. But in any event, the severance damages allowed were for the taking of a number of direct access rights to cross the highway from one portion of the owner's property to the other.

We conclude that in the instant case, the ownership of the fee in the highway by the state, together with the fact that there were no direct access rights between the parcels of land involved, resulted in the two parcels concerned being noncontiguous, separate and independent. Thus, defendants' remaining properties on both sides of the highway could not be properly considered as the residue of a larger parcel (*Sharp* v. *United States,* 191 U.S. 341, 354-355 [24 S.Ct. 114, 48 L.Ed. 211]). The court properly held that the special benefits accruing to the property on one side of the highway could not be offset against the severance damages accruing to the properties on the other side.

We need comment only briefly on the state's remaining contentions. The argument that even if the parcels are separate, the special benefits must be offset against the severance damages to reach a result fair to the condemner, amounts to advocating the adoption of a rule of damages in condemnation cases more akin to the federal rule of "just compensation" than that provided by Code of Civil Procedure section 1248. Such a contention is better addressed to the Legislature than to this court. By the state's own admission, the very interesting constitutional questions regarding the interpretation of Code of Civil Procedure section 1248 in the light of *Commonwealth, Department of Highways* v. *Sherrod* (Ky.App. 1963) 367 S.W.2d 844, were not raised below, and cannot be discussed here.

The portion of the judgment appealed from is affirmed.

Shoemaker, P. J., and Agee, J., concurred.