[Civ. No. 22462. First Dist., Div. Two. Mar. 21, 1966.]

CONTRA COSTA COUNTY WATER DISTRICT, Plaintiff and Appellant, v. ZUCKERMAN CONSTRUCTION COMPANY et al., Defendants and Respondents.

Carlson, Collins, Gordon & Bold and Frederick Bold, Jr., for Plaintiff and Appellant.

Tinning & DeLap, Robert Eshleman and J. H. Filice for Defendants and Respondents.

AGEE, J.—In this action to condemn an easement through defendants' land for underground water pipelines and appurtenances, the jury valued the portion taken at $3,589, fixed severance damages to the remaining portion at $2,550, and valued the special benefits accruing to such portion by reason of the proposed improvements at $5,639.

The court offset the benefits against the severance damages and rendered judgment for $3,589, the value of the property taken. On appeal plaintiff argues that the special benefits in *excess* of the severance damages, or $3,089, should be offset against the value of the take, thereby reducing the judgment to $500.

This argument is supported by dictum in a case decided prior to the enactment in 1872 of section 1248 of the Code of Civil Procedure (*San Francisco A. & S.R.R. Co.* v. *Caldwell* (1866) 31 Cal. 367, 374) and is in accord with the federal rule. (*Bauman* v. *Ross,* 167 U.S. 548, 574-575 [17 S.Ct. 966, 42 L.Ed. 270].)

This is sometimes referred to as the "before and after" rule. Under it the compensation awarded is the difference between (1) the value of the whole parcel without the proposed improvement and (2) the value of the portion of said parcel remaining to the owner after such improvement is constructed. This is not the California rule.

Section 1248 of the Code of Civil Procedure, as originally enacted in 1872 and as it has remained ever since, requires that the trier of fact (jury here) separately ascertain and assess certain items. When this is done the jury's task is completed. The actual computation of the net award is made by the court in accordance with the provisions of section 1248.

The items pertinent herein are contained in subdivisions 1, 2 and 3 of said section. These subdivisions relate to the value of the property taken (subd. 1), the severance damages to the remaining property (subd. 2), and the special benefits accruing to such remaining property by reason of the improvements to be made by the condemnor (subd. 3).

Subdivision 3 of section 1248 provides in pertinent part as follows: ". . . if the benefit shall be equal to the [severance] damages assessed under subdivision 2, the owner of the parcel shall be allowed no compensation except the value of the portion taken; but if the benefit shall be less than the damages so assessed, the former shall be deducted from the latter, and the remainder shall be the only damages allowed in addition to the value; . . ."

It is significant that the provision for the offset of benefits is directed *only* to "the damages assessed under subdivision 2" and thus restricts such offsets to *severance* damages. The statute makes no provision for any offset of benefits against the value of the *property taken*.

In fact, the use in subdivision 3 of the phrases, "*except* the value of the portion taken" and "*in addition* to the value," indicates a legislative intent *not* to deduct anything from the value of the condemned property, irrespective of the extent of any accruing benefits to the owner's remaining property.

Our appellate courts have uniformly so interpreted subdivision 3. The first case is *Moran* v. *Ross* (1889) 79 Cal. 549 [21 P. 958]. After discussing the provisions of subdivisions 1, 2 and 3, our Supreme Court stated, at page 550: "There can be no question as to the proper construction of these provisions. The defendant is entitled to the value of the lands taken without any deduction, but if the balance of his tract of land will be damaged by the severance therefrom of the part taken, and at the same time be benefited by the making of the improvements by the plaintiff, such benefits shall be deducted from the damages that will result to the land not taken.

"The section is not only plain and explicit in this respect, but to us it seems to be eminently just and right."

The most recent statement is in *People* ex rel. *Dept. of Public Works* v. *Anderson* (1965) 236 Cal.App.2d 683, 696 [46 Cal.Rptr. 377], as follows: "This section [Code Civ. Proc. § 1248] further provides that . . . special benefits are subtracted from severance damage; the remainder is the amount to be awarded for severance unless the remainder is zero or a

*minus* figure, in which case no severance damages are paid. (Under California law payment for the *full* market *value* for the *part taken* is *unaffected by special benefits.*)'' (Italics added. .

Another recent case is *People* ex rel. *Dept. of Public Works* v. *Fair* (1964) 229 Cal.App.2d 801 [40 Cal.Rptr. 644], wherein Justice Taylor, speaking for this court, stated at page 803: ''Code of Civil Procedure section 1248 provides that if a taking by condemnation is a part of a *larger parcel* [italics by the court], the defendant is allowed severance damages for the diminution in value to the remaining property; it further provides that any benefits to the remainder of the larger parcel accruing from the proposed improvement must be offset against the severance damages *but not against the damages for the value of the land taken.*'' (Italics added.)

All of the secondary authorities called to our attention have stated this to be the rule in California. (E.g., 17 Cal.Jur.2d 681, Eminent Domain § 112; 3 Nichols, Eminent Domain 113, Rules as to Set-Off § 8.6211[6]; Gleaves, Milnor E., *Special Benefits in Eminent Domain, Phantom of the Opera,* 40 State Bar J. 245.)

In support of its contrary interpretation of section 1248, appellant relies upon dicta in two cases.

The first is *People* v. *Rawchuck* (Sept. 15, 1964), a Los Angeles superior court action numbered 819,518, in which the jury awarded $2,298.76 for the part taken, nothing for severance damages, and $1,500 in special benefits.

During its deliberations, the jury sent the following note to the court: ''If there are no severance damages, the jury understands that special benefits *are not* deducted from the fair market value of Parcel 4, is that correct?''

Respective counsel agreed that the answer was ''yes'' and the court thereupon advised the jury as follows: ''Both counsel have stipulated and agreed, and it is on the record, that the answer to the question is 'yes.' '' The jury returned its verdict 10 minutes later.

In its ''Memorandum Decision,'' the superior court concluded, after lengthy discussion, that ''the Law of California is, or should be that special benefits in excess of severance damages should be offset against the part taken as a matter of law . . . [but] that there is no question that plaintiff, by its

concurrence, acquiescence, failure to object and affirmative response cited above, waived its offset right in this particular trial.'' The court thereupon ordered that judgment be entered for the full amount of the value of the part taken.

Appellant's second case is *People* v. *Marblehead Land Co.,* 82 Cal.App. 289 [255 P. 553], wherein there were *no special benefits* found and therefore the issue as to offset against severance damages did not even arise. The court at page 301, citing the *Caldwell* case, *supra,* and two decisions which did not involve the question of benefits, did refer to the ''before and after'' rule as exemplified by Caldwell. However, as pointed out above, Caldwell was in effect overruled by the enactment in 1872 of section 1248 and the cases following thereafter.

 As we have indicated above, our opinion is that section 1248 limits the offset of special benefits to severance damage only.

Appellant's next contention is that, as so interpreted, the section violates the federal and state constitutional provisions that prohibit the taking of private property for public use ''without just compensation'' (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 14.) Appellant argues that such interpretation imposes an obligation upon a condemnor to pay ''unjust'' compensation.

There is nothing in the record to indicate that any constitutional issue was ever raised below. In *Jenner* v. *City Council,* 164 Cal.App.2d 490, 498 [331 P.2d 176], the court said: ''As no objection to the constitutionality of section 31625 (nor 31623) was made prior to this appeal, it is not open to review for the first time in this court.'' (See also; *Hershey* v. *Reclamation District No. 108,* 200 Cal. 550, 564 [254 P. 542].)

In the *Fair* case, *supra,* at page 808, the court said: '' [T]he very interesting constitutional questions regarding the interpretation of Code of Civil Procedure section 1248 in the light of *Commonwealth, Department of Highways* v. *Sherrod* (Ky. App. 1963) 367 S.W.2d 844, were not raised below, and cannot be discussed here.'' (Appellant herein relies almost entirely upon this Kentucky case.)

 The final point to be discussed herein is the significance of the addition of the following sentence to subdivision 3 of section 1248, effective September 17, 1965: ''If the benefit shall be greater than the damages so assessed, the owner of the

parcel shall be allowed no compensation except the value of the portion taken, but the benefit shall in no event be deducted from the value of the portion taken." (Stats. 1965, ch. 51, p. 932, § 1.)

In our opinion the foregoing addition did not alter or affect the existing case law. "Where a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it." (*People* v. *Hallner,* 43 Cal.2d 715, 719 [277 P.2d 393].)

As we have seen from the *Rawchuck* and *Fair* cases, *supra,* as well as the instant case, public agencies condemning property had been resisting the application of subdivision 3 of section 1248 as it has been interpreted by our appellate courts.

In construing an amendment to the sales tax law, our Supreme Court said in *Union League Club* v. *Johnson,* 18 Cal.2d 275, 278-279 [115 P.2d 425] : "[T]he respondent [club] takes the position that because the legislature in 1939 expressly amended the statute to impose a tax upon social clubs, this court should construe the former law as not including them. This statement is based upon the general rule that courts ordinarily assume from a new enactment, a legislative purpose to change the existing law. [Citations.] But in view of the fact that at the time this amendment was made, social clubs were resisting the collection of sales taxes, a legislative intent to clarify rather than to change the law, may well be inferred."

Judgment affirmed.

Shoemaker, P. J., and Taylor, J.. concurred.