[Civ. No. 38570. Second Dist., Div. Three. Jan. 26, 1972.]

In re the Marriage of CARLOS ALBERTO and
MARIA MAGDALENA GRONER.
CARLOS ALBERTO GRONER, Appellant, v.
MARIA MAGDALENA GRONER, Respondent.

**COUNSEL**

Sol P. Ajalat for Appellant.

Sillas & Castillo and Jose Mariano Castillo for Respondent.

**OPINION**

**THE COURT**—Carlos Alberto Groner, petitioner, appeals from an interlocutory judgment of dissolution of marriage wherein he was decreed to be the father of the minor child Rosa Maria Groner and it was ordered that he pay a specified sum for her support. This appeal is presented on an agreed statement pursuant to rule 6, California Rules of Court.

Section 621 of the Evidence Code, which restates without substantive change former section 1962, subdivision 5, of the Code of Civil Procedure (*Jackson* v. *Jackson*, 67 Cal.2d 245, 247, fn. 1 [60 Cal.Rptr. 649, 430 P.2d 289]), provides: "Notwithstanding any other provision of law, the issue of a wife cohabiting with her husband, who is not impotent, is conclusively presumed to be legitimate." The question in the present case is whether that conclusive presumption—which in actuality is a substantive rule of law (see *Kusior* v. *Silver*, 54 Cal.2d 603, 619 [7 Cal.Rptr. 129, 354 P.2d 657])—is operative when it can be estab-

lished that the husband was sterile during the period of conception and unable to procreate.

The following facts are set forth in the agreed statement: "(a) That the minor child, Rosa Marie [*sic*] Groner was born to respondent on June 26, 1970, after a normal pregnancy of from 270 to 277 days; the said child having been conceived on or about October 1, 1969. [¶] (b) Appellant husband and respondent wife were at the time of said conception living together as husband and wife and cohabiting. [¶] (c) That at the time of said conception appellant was sexually sterile and unable to procreate. [¶] (d) That respondent testified that on or about the time of conception respondent had sexual intercourse with a third party who was not appellant. [¶] (e) Dr. George Nicola testified that appellant was at the time of said conception sexually sterile. The court reserved its ruling on respondent's objection to said testimony, the case was submitted and the trial Court subsequently sustained the objection and held the appellant to be the father."

In *Hughes* v. *Hughes,* 125 Cal.App.2d 781 [271 P.2d 172], the effect of the sexual sterility of the husband upon the operation of the conclusive presumption of legitimacy which was at that time embodied in section 1962, subdivision 5, of the Code of Civil Procedure was considered by the Court of Appeal, which stated (at p. 786): "Sterility is a condition which, if established, renders it impossible to procreate and it is clear that a husband who is sterile during the period of conception cannot become a father. . . . Where sterility is capable of definite determination, the conclusive presumption of legitimacy which is a substitute for such determination is not properly applicable." (See also *Benes* v. *Young,* 187 Cal.App.2d 270 [9 Cal.Rptr. 500].)

■ Under the governing law as expressed in *Hughes* v. *Hughes, supra,* 125 Cal.App.2d 781, the trial court erred in sustaining the respondent's objection to the testimony of Dr. Nicola as to the petitioner's sterility. Assuming that Dr. Nicola was properly qualified to express an expert opinion, his testimony should have been received in evidence and subjected to the trial judge's exercise of his function as the trier of fact to determine the credibility and the weight to be given such testimony. (See *Francis* v. *Sauve,* 222 Cal.App.2d 102, 119 [34 Cal.Rptr. 754].)

The respondent, however, contends that the court in *Hughes* "misinterpreted" section 1962, subdivision 5, of the Code of Civil Procedure and that the condition of sterility is not sufficient to avoid application of the conclusive presumption of legitimacy now embodied in section 621 of the Evidence Code. While the reasoning of the opinion in *Hughes* may be

subject to criticism, that case, as will be explained hereinafter, must be held to express the governing law.

*Hughes* v. *Hughes, supra,* 125 Cal.App.2d 781, was decided on June 7, 1954, and the Supreme Court denied a petition for a hearing on August 4, 1954. Section 1962, subdivision 5, was amended in 1955 (Stats. 1955, ch. 948, § 3, p. 1835) by the addition of the emphasized words: *"Notwithstanding any other provision of law,* the issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate." The effect of this amendment was explained in *Kusior* v. *Silver, supra,* 54 Cal.2d 603, at page 618, as follows: "This addition was part of an act which gave the state power to dispute the rebuttable presumption by adding the state to the parties enumerated in [former] Civil Code, section 195, and also by adding a provision to Penal Code, section 270, to the effect that the state could prove nonaccess 'or any other fact establishing nonpaternity of a husband.' Since the people have been equated with all others who may rebut presumptions, it is apparent that they and all others were not meant to be able to use this section, or any other provision of law, as against section 1962, subdivision 5."

In 1965 section 621 of the Evidence Code (which, as noted hereinabove, restates section 1962, subdivision 5, of the Code of Civil Procedure without substantive change) was enacted (Stats. 1965, ch. 299, § 2, p. 1308), operative January 1, 1967. In the Law Revision Commission comment to section 620 of the Evidence Code, which is the first section in the article entitled "Conclusive Presumptions," it is stated: ". . . the Commission has not recommended any substantive revision of the conclusive presumptions contained in this article."

In the light of the actions of the Legislature with respect to former section 1962, subdivision 5, of the Code of Civil Procedure and section 621 of the Evidence Code since the *Hughes* case was decided in 1954, the following principle of statutory construction is applicable: " 'Statutes are to be interpreted by assuming that the Legislature was aware of the existing judicial decisions. [Citation.] Moreover, failure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect.' " (*Bishop* v. *City of San Jose,* 1 Cal.3d 56, 65 [81 Cal.Rptr. 465, 460 P.2d 137]; to the same effect are *Alter* v. *Michael,* 64 Cal.2d 480, 482 [50 Cal.Rptr. 553, 413 P.2d 153], and *Kusior* v. *Silver, supra,* 54 Cal.2d 603, 618.) As stated in *Contra Costa County Water Dist.* v. *Zuckerman Constr. Co.,* 240 Cal.App.2d 908, at page 913 [50 Cal.Rptr. 224]: " 'Where a statute has been construed by judicial decision, and that construction is not altered

by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it.' [Citation.]"

 As a consequence of the legislative acceptance of the law as enunciated in *Hughes* v. *Hughes, supra,* 125 Cal.App.2d 781, this court is not free to express a contrary conclusion.

The interlocutory judgment of dissolution of marriage is reversed only insofar as it decrees that petitioner Carlos Alberto Groner is the father of the minor child Rosa Maria Groner born on June 26, 1970, and orders the petitioner to pay a specified sum for her support.