156 N.J. Super. 291 (1977)
383 A.2d 1146
SUSAN TRIMBLETT, ADM. & c., PLAINTIFF-APPELLANT,
v.
THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
ANTOINETTE L. ZAJACZKOWSKI, PLAINTIFF-APPELLANT,
v.
DEPARTMENT OF ENVIRONMENTAL PROTECTION ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 15, 1977.
Remanded March 15, 1977.
Submitted June 14, 1977.
Decided July 5, 1977.
*292 Before Judges LYNCH, MILMED and ANTELL.
Mr. Francis Sorin argued the cause for appellant Trimblett.
Mr. Albert R. Hochster argued the cause for appellant Zajaczkowski (Messrs. Callahan & Hochster, attorneys).
Mr. Thomas D. Monte, Jr., Deputy Attorney General, argued the cause for respondents The State of New Jersey and the Department of Environmental Protection (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
Thomas Trimblett and Christopher A. Zajaczkowski disappeared after they went boating in the Round Valley Reservoir on May 4, 1973. The instant death actions were instituted by their respective administratrices ad prosequendum who alleged that the men died due to the negligence of the State of New Jersey, which owned and controlled the reservoir, and Mr. and Mrs. Howard Smith t/a Round Valley Bait & Tackle Shop, who had rented a boat to decedents. The actions against defendants Smith were dismissed and the cases proceeded to trial against the State of New Jersey. At the end of plaintiffs' cases the trial judge granted the State's motion for involuntary dismissal.
While the trial judge considered various contentions of the State on its motion for dismissal, including immunity under the Tort Claims Act, N.J.S.A. 59:1-1 et seq., it finally *293 concluded that the motion would be granted essentially on the ground that plaintiffs had failed to show that the deaths of decedents were proximately caused by any negligence of which the State may have been guilty.
After plaintiffs' appeals were filed in this court we remanded the matter to the trial judge for consideration of the issue of whether N.J.S.A. 2A:42A-1 et seq., particularly N.J.S.A. 2A:42A-3 which in general exonerates a landowner from liability to any person who enters upon or uses the land of the owner for sport or recreational activities, is applicable herein. Pursuant to said remand the trial judge determined that the cited statute did not bar the instant actions for the reasons that the Legislature, in adopting the Tort Claims Act, blanketed the area of the liability of public entities in this context, and therefore that "it [Legislature] must have concluded that the disputed statute [N.J.S.A. 2A:42A-3] did not extend to public entities."
The trial judge in his oral opinion on the State's motion for an involuntary dismissal thoroughly reviewed all of the evidence which had been offered by plaintiffs, including the inferences which most favorably could be deduced therefrom, and concluded that plaintiffs had failed to prove that the deaths had been proximately caused by negligence of the State. We agree that plaintiffs' cases were deficient in that respect and our affirmance herein could rest on that ground alone. However, we deem it appropriate to consider other contentions now made by the State.
The New Jersey Tort Claims Act contains provisions which are relevant here. N.J.S.A. 59:2-7 states:
A public entity is not liable for failure to provide supervision of public recreational facilities; provided, however, that nothing in this section shall exonerate a public entity from liability for failure to protect against a dangerous condition as provided in chapter 4.
The court's reference to chapter 4 as provided by that section would include the following:

*294 59:4-2. Liability generally
A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
Since we have concluded, as stated above, that the trial judge was correct in holding that the deaths were not proximately caused by the alleged dangerous condition of the reservoir, liability cannot be found under the foregoing section.
In addition, we conclude that N.J.S.A. 2A:42A-1 et seq. likewise affords immunity to the State in this context. Thus we respectfully disagree with the trial judge in holding that the statute is not applicable because of the provisions of the Tort Claims Act. N.J.S.A. 2A:42A-2 provides:
As used in this act "sport and recreational activities" means and includes: hunting, fishing, trapping, horseback riding, training of dogs, hiking, camping, picnicking, swimming, skating, skiing, sledding, tobogganing and any other outdoor sport, game and recreational activity including practice and instruction in any thereof.
N.J.S.A. 2A:42A-3 absolves the property owner from any duty of care toward those whose actions are encompassed by section 2 by saying:
a. An owner, lessee or occupant of premises, whether or not posted as provided in section 23:7-7 of the Revised Statutes, owes no duty *295 to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises to persons entering for such purposes;
b. An owner, lessee or occupant of premises who gives permission to another to enter upon such premises for a sport or recreational activity or purpose does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.
In N.J.S.A. 59:2-1(b) the Tort Claims Act provides:
Any liability of a public entity established by this act is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person.
Therefore, a private person who permits his property to be used as Round Valley Reservoir was used in the circumstances here has available to him the provisions of N.J.S.A. 2A:42A-3. Since a private owner would not be liable to one who uses his premises for sport or recreational activities the same defense is available to a public entity under the provisions of N.J.S.A. 59:2-1(b). It would be an unreasonable construction of the respective statutes to construe them as providing that the State or other public entity would have a greater tort liability than a private landowner. We therefore conclude that N.J.S.A. 2A:42A-3 precludes liability on the part of the State under the circumstances here. Cf. Magro v. Vineland, 148 N.J. Super. 34 (App. Div. 1977).
For all of the foregoing reasons the judgment of the trial court is affirmed.