## Yerk v. Commonwealth

*Jerry R. Knafo,* for plaintiff.

*Sarah Slessinger Smith,* for defendant Commonwealth of Pennsylvania.

*Randolph T. Borden,* for defendant Pennsylvania Power & Light Company.

*Randall W. Turano,* for defendant Polaris Industries.

THOMSON, JR., *P.J.,* December 27, 1984—

### FACTS:

On February 20, 1982, plaintiff, Dennis Yerk was operating a snowmobile manufactured and sold by defendant, Polaris Industries, Division of Textron, Inc. While plaintiff was traveling on the land of de-

fendant, Commonwealth of Pennsylvania, he went over an undetectable cliff which caused him serious injuries. A utility pole, no. 72895-N-40337, owned by the third defendant, Pennsylvania Power & Light Co., is located at the site of the accident.

Plaintiff alleges that because the Commonwealth has negligently maintained this land, he was seriously injured. Plaintiff alleges that the Pennsylvania Power & Light Company is also liable for negligently maintaining its license for right of way around its utility pole. In addition, plaintiff alleges that Polaris Industries, Division of Textron, Inc., is liable for its negligent acts revolving around the designing, selling. etc., of their snowmobile product.

On April 13, 1984, plaintiff filed his complaint. The three defendants filed preliminary objections to the complaint. Argument on the Commonwealth's preliminary objections and the Pennsylvania Power & Light Company's preliminary objections was held on September 17, 1984. Plaintiff and defendant, Polaris Industries, Division of Textron, Inc. waived oral argument on the preliminary objections on September 17, 1984. Plaintiff and defendant, Polaris Industries, Division of Textron, Inc., submitted their argument to the court on briefs. Each defendant's preliminary objections will be addressed individually.

## OPINION

Defendant, Commonwealth of Pennsylvania, brought preliminary objections in the nature of a demurrer. This defendant demurs on the ground that the Pennsylvania Recreational Use of Land and Water Act at 68 Pa. C.S. §477-1 et seq., is a bar to plaintiff's cause of action. This statute states in part that ". . . an owner of land owes no duty of care to

keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition . . ." The issue is whether or not the Recreation Use of Land and Water Act, limiting tort liability of owners of land used for recreational purposes, is applicable to the Commonwealth of Pennsylvania. Plaintiff argues that this statute has been interpreted to limit tort immunity of private landowners only and does not extend this immunity to the Commonwealth.

This act itself does not exclude state owned or leased property from limited tort liability. This is evidenced by the definition under 68 Pa. C.S. §477-2(2) which states, ". . . owner — the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." The Commonwealth, as a possessor of an interest in Pine Flats Association, Porter Township, Pike County, Pa., is an owner under the definition of the act. Therefore, the Commonwealth is certainly entitled to enjoy the benefits of this act which are that ". . . an owner of land *owes no duty* of care to keep the premises safe for entry or use of others for recreational purposes, *or to give any warning of* a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." 68 Pa.C.S. §477-3. (Emphasis added.)

Furthermore, the Commonwealth has a defense for negligent torts because sovereign immunity acts as a bar to actions for damages arising out of a negligent act. 1 Pa.C.S. §2310. The only exceptions to sovereign immunity that exist are statutorily provided for under 42 Pa.C.S. §8522. Plaintiff contends that 42 Pa.C.S. §8522(b)(4) provides for the waiver of governmental immunity in the instant case. This statute states:

"The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: *A dangerous condition of Commonwealth agency real estate* and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, . . ." (Emphasis added.) Therefore, the issue for resolution is whether or not the alleged "undetectable cliff, embankment, or hill" is *a dangerous condition* of Commonwealth agency real estate. Plaintiff cites Watterson v. Commonwealth of Pennsylvania, 18 D.&C. 3d 276 (1980) and Hahn v. Commonwealth of Pennsylvania, 18 D.&C. 3d 260 (1980), as controlling law in this area. While these cases appear to be factually similar to the instant case, they are very distinguishable. The Watterson case is premised on the fact that a dangerous condition did exist on Commonwealth real estate. In fact, a concrete post was placed in the center of a bicycle trail in Moraine State Park, Butler County, Pa. A manmade concrete post is definitely a dangerous condition, especially in the middle of a bicycle trail in a designated state park. However, the instant case does not involve a manmade obstruction.

The Hahn case was instituted for damages received when plaintiff fell into a manmade hole, 16 inches to 18 inches in diameter. This hole was in the midst of a public walking path in a lakeside area of a state park. Both cases revolved around manmade dangerous conditions on Commonwealth land. This is not the situation in the instant case.

The undetectable cliff, embankment, or hill was not a manmade dangerous condition but, a condition caused by natural geography. In addition, this alleged dangerous condition is not in the midst of a public park, walkway or bicycle path. The condition exists on the fringes of state land which is merely accessible to the public. This area is not a state park for which fees are charged; and, the trail used by plaintiff is not a path constructed or designated by the Commonwealth for snowmobile traveling. Therefore, a dangerous condition did not exist for which plaintiff has a claim for relief from the Commonwealth.

For further discussion, Auresto v. Commonwealth of Pennsylvania et al., no. 106-1984, slip op. (Pike Cty. April 6, 1984) states at 68 Pa.C.S. §477-1 that:

"(t)he purpose of this act is to encourage owners of land (here the Commonwealth) to make land and water areas available to the public for recreational purposes by limiting their liability towards persons entering thereon for such purposes." In Pike County the Commonwealth and National Park Service own a total of 106,887 acres of state forest, parks and game lands. This comprises 30 percent of the total area of Pike County, almost all of it is open to free recreation.[1] If the Commonwealth is not entitled to the protection of 68 Pa.C.S. §477-1 et seq., it is hardly going to be encouraged to keep these lands open to free recreation. In fact, the Commonwealth will have to make a choice. Either it can hire a small army of employees to dredge every lake and prune every forest it owns, or it can close down access to almost one-third of the entire county. The overall

1. 1983-1984 Pike County Profile, published by Pike County Economic Corporation, pp. 44-47 (1983).

welfare of the citizens of Pike County would, it seems, be better served by extending to the Commonwealth the protection of 68 Pa.C.S. §477-1 et seq. . . . Since the Commonwealth and the private citizen are both acting for the same purpose, they should share the same burden of liability."[2]

For these reasons, we cannot hold the Commonwealth to a higher standard of care than private landowners, in the instant case. Furthermore, because the alleged undetectable cliff, embankment or hill was not manmade, a dangerous condition does not exist. So the Commonwealth in not intentionally creating this condition, has not effectively waived its defense of sovereign immunity. Therefore, defendant, Commonwealth of Pennsylvania, is granted its preliminary objection in the form of a demurrer.

The next preliminary objection, in the nature of a demurrer, has been presented by defendant, Pennsylvania Power and Light Co. This issue for resolution under this preliminary objection is whether or not this defendant owes a duty to plaintiff to keep its licensed premises around its utility poles safe for entry or use by others for recreational purposes or give any warning of a dangerous condition. The statute on point is 68 Pa.C.S. §477-3 which states: ". . . an owner of land *owes no duty of care to keep the premises safe for entry or use by others for recreational purpose, or to give any warning of a dangerous con-*

---

2. Other states have reached similar decisions in interpreting their Recreational Use Land Acts. See McClain v. United States, 445 F. Supp. 771 (D. Ore. 1978); English v. Martin Municipal Water Authority, 66 Cal App. 3d 725, 136 Cal. Rptr. 224 (1977); Denton v. L.W. Vail Co., Inc., 541 P.2d 511 (Or. App. 1975) and especially Trimblett v. New Jersey, 383 A.2d 1146, 1149, 156 N.J. Super. 291 (1977).

*dition,* use, structure, or activity on such premises to persons entering for such purposes." (Emphasis added). The statute cannot be clearer. An owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes. Plaintiff was snowmobiling on this property, which is a recreational use. In addition, the landowner does not have to give a warning of a dangerous condition, if in fact this is a dangerous condition. "The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability towards persons entering thereon for such purposes." 68 Pa.C.S. §477-1. Rather than building a fence around its utility pole, Pennsylvania Power and Light Co. permitted free recreational use of their property. 68 Pa.C.S. §477-3 states that there is no duty of care owed to keep the premises safe and no warnings are necessary. Therefore, defendant, Pennsylvania Power and Light Co., is granted its preliminary objection in the form of a demurrer.

The last preliminary objection to be addressed has been submitted on behalf of defendant, Polaris Industries, Division of Textron, Inc. This defendant's preliminary objections are in the nature of a motion for a more specific complaint and a demurrer to plaintiff's complaint.

The issue for resolution is whether or not plaintiff's allegations were sufficiently specific in his complaint. Rule 1019(a) requires that "material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Due to this rule and common-sense logic, a plaintiff is not required to plead their entire case in a complaint. By reviewing the content of the complaint, it appears that plaintiff, Dennis Yerk, sufficiently

pleaded material facts alleging a cause of action against this defendant.

Under Willis v. Soffel, 53 D.&C. 2d 661, (1971), preliminary objections based on the complaint not being sufficiently specific will be overruled where the matters complained of are essentially evidentiary and can be developed by discovery. We firmly believe that discovery will provide this defendant with the further details it requires. Therefore, defendant's, Polaris Industries, Division of Textron, Inc., motion for a more specific complaint is denied.

With regard to this defendant's preliminary objection in the nature of a demurrer, it is apparent that plaintiff did set forth facts sufficient to state a cause of action upon which a claim for relief could be based. For instance, plaintiff alleges negligence on behalf of this defendant in the failure to inspect, properly design and properly sell/manufacture their snowmobile. Plaintiff also alleges that this defendant failed to adequately warn of the unreasonably dangerous conditions of the snowmobile. Plaintiff did adequately assert a cause of action against this defendant. Therefore, it would be inappropriate to grant this defendant its preliminary objection in the nature of a demurrer.

## ORDER

And now, this December 27, 1984, the preliminary objections of defendant, Commonwealth of Pennsylvania, are hereby granted. Also, the preliminary objections of defendant, Pennsylvania Power and Light Co., are hereby granted. The preliminary objections of defendant, Polaris Industries, Division of Textron, Inc., are hereby denied.